**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TATONKA CAPITAL CORPORATION, a Colorado corporation,

Plaintiff,

v.

MOSAICA EDUCATION, INC., a Delaware corporation; MICHIGAN EDUCATIONAL FACILITIES, LLC, a Delaware limited liability company; ASI TEXAS, LLC, a Delaware limited liability company; EFA COMPANY, LLC, a Michigan limited liability company; LORAIN-LEAVITT PROPERTIES, LLC, a Georgia limited liability company; WARREN-ELM FACILITIES, LLC, a Georgia limited liability company; and COLUMBUS-MORSE PROPERTIES, LLC, a Georgia limited liability company,

Defendants.

Civil Action File
No.: 1:14-cv-3017-TCB

**RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED HEARING OF MOTION FOR APPOINTMENT OF RECEIVER**

Defendants Mosaica Education, Inc., Michigan Educational Facilities, LLC, ASI Texas, LLC, EFA Company, LLC, Lorain-Leavitt Properties, LLC, Warren-Elm Facilities, LLC, and Columbus-Morse Properties, LLC (collectively, "Defendants" or "Mosaica") hereby file this Response to Plaintiff Tatonka Capital

Corporation's ("Plaintiff" or "Tatonka") Motion for Expedited Hearing of Motion for Appointment of Receiver (the "Motion"). Mosaica requests that the Court schedule an evidentiary hearing no sooner than the week of October 13, 2014.[1] Defense counsel has contacted Plaintiff's counsel in an attempt to agree on a hearing date as requested in this Response. As of this Response, however, no agreement has been reached. This schedule, while still accelerated, will allow Mosaica and its counsel time to respond to Plaintiff's voluminous submission as provided in the Local Rules. Plaintiff has set forth no specific reason why a hearing is required sooner than October 13, 2014.

First, an "expedited (but not immediate) hearing" in unnecessary.[2] In its Complaint and Motion for Appointment of Receiver, Plaintiff does not allege that

---

[1] Defense counsel anticipates that a full day hearing may be necessary. Defense counsel is unavailable the week of October 20, 2014, except for October 21. Defense counsel is available the week of October 27, 2014, except October 28. Defendants' counsel respectfully requests that if the Court schedules a hearing, it be scheduled during the week of October 13, October 21, or during the week of October 27, except October 28.

[2] As Mosaica will set forth in more detail in its response to Plaintiff's Motion for Appointment of Receiver, there is no risk of imminent harm to Plaintiff's interests that would justify the extraordinary remedy of appointing a receiver. *See Otero v. Vito*, No. 5:07-CV-405 C, 2008 WL 4004979, at *3 (M.D. Ga. Aug. 25, 2008) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)) (noting that receivership is "extraordinary remedy" and considering several factors, including "a valid claim by the party seeking the appointment; the

*{footnote continued}*

Mosaica is engaged in fraud.  Nor does Plaintiff allege any impending event will create an "*imminent* danger that property will be concealed, lost, or diminished in value."  *Otero*, 2008 WL 4004974, at *3 (quoting *Aviation Supply*, 999 F.2d at 316) (emphasis added).  Plaintiff has not set forth why it needs an "expedited (but not immediate) hearing" or why it would be prejudiced by a hearing scheduled no sooner than October 13, 2014, a mere 24 days after Plaintiff filed its Motion for Appointment of Receiver.

Notably, Plaintiff's own allegations undercut its request for an expedited hearing.  Specifically, Plaintiff alleges that each of the loans at issue matured on or before July 1, 2014.  [*See* DE 2] ¶ 32.  Plaintiff, however, did not file its Complaint and Motion for Appointment of Receiver until September 19, 2014, more than two and a half months later.  Plaintiff does not explain why the relief it declined to seek for more than two and a half months is now so exigent that an expedited hearing is necessary.  To the contrary, Plaintiff's own conduct indicates that an expedited hearing before October 13, 2014 would be unnecessary and unfair.

---

*{continued from previous page}*
probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.'").

Second, an expedited hearing would severely prejudice Mosaica. Plaintiff filed this action on September 19, 2014. Mosaica retained counsel in this matter on September 23, 2014, one business day after Plaintiff filed its Complaint. Plaintiff's filing is voluminous, including a 33 page Complaint containing 99 numbered paragraphs, multiple briefs, affidavits, and 86 exhibits. [*See* DE 1, 2, 3, & 4]. Under Local Rule 7.1(B), Mosaica is entitled to 14 days from the date it is served to respond to Plaintiff's Motion for Appointment of Receiver. LR 7.1, NDGa. Mosaica has not yet been served. Further, as discussed above, Plaintiff waited more than two and half months to file this action but now demands that Defendants respond and appear for a hearing on the matter in an expedited fashion. Mosaica respectfully requests that the Court not schedule a hearing before October 13, 2014, so that Mosaica may respond to Plaintiff's Motion for Appointment of Receiver and prepare to fully contest Plaintiff's lengthy submission.

This 23rd day of September, 2014.

                                  By:  */s/ Gary W. Marsh*
                                        Gary W. Marsh
                                        Georgia Bar No. 471290
                                        gmarsh@mckennalong.com
                                        Nathan L. Garroway
                                        Georgia Bar No. 142194
                                        ngarroway@mckennalong.com
                                        Jeffrey A. Zachman
                                        Georgia Bar No. 254916
                                        jzachman@mckennalong.com

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE. Suite 5300
Atlanta, GA  30308
Telephone:   (404) 527-4000
Facsimile:    (404) 527-4198        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Graham H. Steiglitz
gstiegli@burr.com
BURR & FORMAN, LLP

*/s/ Gary W. Marsh*
Gary W. Marsh
Nathan L. Garroway
Jeffrey A. Zachman