IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TATONKA CAPITAL CORPORATION, a Colorado corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MOSAICA EDUCATION, INC., a Delaware corporation; MICHIGAN EDUCATIONAL FACILITIES, LLC, a Delaware limited liability company; ASI TEXAS, LLC, a Delaware limited liability company; EFA COMPANY, LLC, a Michigan limited liability company; LORAIN-LEAVITT PROPERTIES, LLC, a Georgia limited liability company; WARREN-ELM FACILITIES, LLC, a Georgia limited liability company; and COLUMBUS-MORSE PROPERTIES, LLC, a Georgia limited liability company,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:14-cv-3017-TCB |

## ORDER

Columbus Arts and Technology Academy, Inc. ("CATA") and Columbus Preparatory Academy, Inc. ("CPA") operate public schools for which the Defendant companies (collectively, "Mosaica") provide management services in exchange for payment to Mosaica of

management fees. CATA and CPA are and have been indebted to Mosaica for several million dollars, and in April 2014, Mosaica assigned its interests in that indebtedness to Plaintiff Tatonka Capital Corporation, Mosaica's primary secured lender.

By Order dated October 21, 2014 [28], and in response to Tatonka's motion, this Court appointed GGG Partners, LLC as receiver for Mosaica. The receivership order authorized the receiver to "do any and all acts necessary for the proper and lawful conduct of the receivership," and expressly authorized the receiver to "litigate, investigate, negotiate, and compromise for the Companies any and all disputes related to the Property or to the Companies." [28], pp. 4, 10. Since being appointed receiver, GGG Partners has been in negotiations with CATA, CPA, and Tatonka in an effort to resolve various payment issues between those entities and Mosaica.

Under the agreements that have been reached, CATA and CPA will make some payments to Mosaica, they will make some payments to Tatonka that will be credited against Mosaica's indebtedness to Tatonka, and they will continue to pay Mosaica's management fees

going forward. Also pursuant to those agreements, a portion of CATA's and CPA's indebtedness to Mosaica is being forgiven by the receiver in exchange for prompt satisfaction of that indebtedness. GGG Partners filed a motion seeking Court approval of the CATA and CPA agreements. Although the receiver believes express Court approval is not required under the receivership order, it seeks that approval out of an abundance of caution because of the amount of money involved.

Mosaica opposes the receiver's motion and the proposed agreements on three grounds. First, it contends that the agreements are contrary to Mosaica's best interests. The receiver, while conceding that these agreements are imperfect, argues that Mosaica's immediate need for cash outweighs the prospect of receiving a greater amount of money from CATA or CPA—which the receiver asserts possess limited resources—at an uncertain time in the future. The receivership order vests the receiver with the authority to determine what is in the best interests of the receivership estate. That authority is not plenary and the receiver's decisions are not unassailable under all circumstances, but the Court finds that Mosaica has offered no reason to second-guess

the receiver's judgment with respect to these agreements. The Court is not persuaded that the receiver's judgment is so plainly contrary to Mosaica's best interests that its approval should be withheld.

Second, Mosaica asserts that under the receivership order, Tatonka is not entitled to be paid anything until Mosaica's past-due taxes are paid. The receivership order did provide that income from the receivership property should be applied to the past-due taxes before it is applied to payments to Tatonka. [28], p.13. Under the terms of the agreements reached with CATA and CPA, those entities would provide some money to Mosaica itself and some money to Tatonka on behalf of Mosaica. The Court stands by its determination that Mosaica's past-due tax obligations should be prioritized in the receiver's handling of the estate. But it is mindful of the receiver's representation—in the affidavit of Katie Goodman, the managing partner of GGG Partners—that the money received by Mosaica pursuant to the CATA and CPA agreements will facilitate Mosaica's ability to satisfy its obligations to the Internal Revenue Service ("IRS"). The Court finds that the receivership estate is better served by permitting the receiver to execute

these agreements and obtain cash and assets against which Mosaica can draw to resolve its tax obligations with the IRS.

Finally, under the term sheets provided by the receiver, the CATA and CPA agreements will have the effect of forgiving approximately $4.3 million of the debt owed by CATA and CPA to Mosaica. Mosaica insists that this amount should be credited against its indebtedness to Tatonka and that it would be unfair, inequitable, and commercially unreasonable for Tatonka to refuse to reduce Mosaica's debt by that amount. The Court lacks the information necessary to determine whether or how any of the forgiven debt should be credited against Mosaica's indebtedness to Tatonka. That decision will turn primarily on the terms of the documents affecting the assignment from Mosaica to Tatonka, and those documents are not before the Court. Regardless, the question of what impact these agreements will have on Mosaica's indebtedness is separate and distinct from the question of whether the receiver should be authorized to enter into these agreements at all. The former question will remain for another day if a dispute arises about Tatonka's failure to credit Mosaica's indebtedness. As to the latter

issue, the Court finds that the receivership order authorizes the receiver to execute the proposed CATA and CAP agreements, and the Court hereby approves those agreements.

Accordingly, the receiver's motion for authorization to enter into the agreements [46] is granted, its motion to expedite briefing [47] is denied as moot, and Tatonka's motion in support of the receiver's motion [51] is granted.

IT IS SO ORDERED this 23rd day of December, 2014.

_____
Timothy C. Batten, Sr.
United States District Judge