IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TATONKA CAPITAL CORPORATION, a Colorado corporation, <br><br> Plaintiff, <br><br> v. <br><br> MOSAICA EDUCATION, INC., a Delaware corporation; MICHIGAN EDUCATIONAL FACILITIES, LLC, a Delaware limited liability company; ASI TEXAS, LLC, a Delaware limited liability company; EFA COMPANY, LLC, a Michigan limited liability company; LORAIN-LEAVITT PROPERTIES, LLC, a Georgia limited liability company; WARREN-ELM FACILITIES, LLC, a Georgia limited liability company; and COLUMBUS-MORSE PROPERTIES, LLC, a Georgia limited liability company, <br><br> Defendants. | Civil Action No. <br> 1:14-cv-03017-TCB |

**RECEIVER'S MOTION
TO APPROVE SALE OF SUBSTANTIALLY ALL OF
THE ASSETS OF THE DEFENDANTS, INCLUDING REAL ESTATE**

COMES NOW, GGG Partners, LLC (the "**Receiver**"), a Georgia limited liability company, solely in its capacity as court-appointed receiver for the above-captioned Defendants, including Mosaica Education, Inc. ("**MEI**") and certain of its wholly owned subsidiaries (the "**Defendant Subsidiaries**"), and files this

- 1 -

motion (the "**Motion**") requesting the Court to approve the proposed sale of substantially all of the assets of the Defendants, including real property. In support of this Motion, the Receiver represents the following:

## Background

1. The Defendants are primarily in the business of managing charter schools around the country.

2. By Order entered October 21, 2014 (as may be subsequently amended, the "**Receivership Order**"), this Court appointed the Receiver as the receiver for the assets and business operations of each of the Defendants (collectively, the "**Property**").

3. In general, the Property consists of personal property and other assets directly related to the operation of the Defendants' business which are owned by MEI, and various parcels of real property, most of which are owned by one or more of the Defendant Subsidiaries.[1]

4. Pursuant to the Receivership Order, the Receiver is authorized to sell any and all of the Property

---

[1] Certain of the real estate is either owned directly by MEI or by subsidiaries of MEI that are not Defendants in this action. MEI owns real property located at 510 Fairburn Road, Atlanta, Georgia. School Properties, LLC and ECE Company, LLC (each of which is a non-Defendant subsidiary of MEI) own real property located at 1408 Rigby Street, Youngstown, Ohio, and 500 Griswold Street, Jackson, Michigan, respectively.

5.	The Receivership has determined that it is in the best interest of the receivership estate, the Defendants and their creditors to sell the Property at the highest and best price as can reasonably be obtained as expeditiously as possible.

6.	To this end, on or about January 9, 2015, the Receiver retained Huron Transaction Advisory, LLC ("**Huron**") to assist it in marketing and selling the Property.

7.	Since its retention, Huron has been actively marketing the Property to numerous potential purchasers. As a result of these efforts, the Receiver received at least five letters of intent to purchase some or all of the Property.

## Proposed Sale of the Property

8.	After extensive negotiations with the potential purchasers, the Receiver has concluded that the highest and best offer for the Property was made by Pansophic Learning US LLC ("**Pansophic**") an entity whose management team has significant experience in the education field as well as substantial financial resources. The essential terms of this offer are set forth in the attached letter of intent dated April 10, 2015 (the "**Letter of Intent**").

9.    As set forth in the Letter of Intent, Pansophic is offering to pay up to $24,565,000 for all of the Property, including all of the business assets owned by MEI and all of the real estate owned by the Subsidiaries. Approximately $14,000,000 of the proposed purchase price will be allocated to MEI for the sale of the business assets. Up to $10,565,000 of the proposed purchase price will be allocated to those Defendants that own the real estate that is sold pursuant to the transaction with Pansophic, in accordance with the schedule shown below:

| Property Location | Consideration | Current Owner |
|---|---|---|
| 1408 Rigby Street, Youngstown, OH 44506 | $300,000 | School Properties, LLC |
| 500 Griswald Street, Jackson, MI 49203 | $250,000 | ECE Company, LLC |
| 261 Elm Road Warren, OH 44483 | $2,000,000[2] | Warren Elm Facilities, LLC |
| 3038 Leavitt Road, NE Lorain, OH 44053 | $155,000 | Loraine-Levitt Properties, LLC |
| 510 Fairburn Road, SW, Atlanta, GA | $340,000 | Mosaica Education, Inc. |
| 1333 Morse Road, Columbus, OH 43229 | $6,300,000 | Columbus-Morse Properties, LLC |
| 200 Highland Road, Highland Park, MI 48230 | $70,000 | Michigan Educational Services, LLC |
| 27355 Woodsfield Road, Inkster, MI 48141 | $350,000 | Michigan Educational Services, LLC |
| 916 - 922 North 3rd Street, Harrisburg, PA 17102 | $800,000 | EFA Company, LLC |

---

[2] The proposed purchase price for this property is subject to the renewal or renegotiation of a lease for the property and dependent upon the terms thereof.

10. Some of the above-referenced real estate is already subject to orders approving the sale of such real estate. To the extent those or other parcels of real estate are not included in the sale to Pansophic, the aggregate purchase price for the Property will be reduced by the amounts shown above as the proposed consideration for each such parcel of real estate excluded from the sale.

11. The Receiver currently anticipates closing on the proposed sale to occur on or about May 10, 2015, as specified in the LOI.

12. The Receiver and Pansophic are currently negotiating and drafting an asset purchase agreement (the "**APA**") consistent with the terms set forth in the Letter of Intent, and will be filing the APA with the Court when it is completed.

### Proposed Distribution of Sale Proceeds

13. The Receiver proposes to distribute the net proceeds from the sale as follows:

    (a)    <u>Real Estate</u>: With the possible exception of the Morse Road property in Columbus, Ohio,[3] each of the parcels of real estate to be sold is subject to a recorded first priority lien securing a debt that exceeds the proposed sale price for the property. The Receiver anticipates that each lienholder will agree to release its

---

[3] The extent of the liens asserted on the Morse Road property is the subject of a dispute to be decided by the Court at a hearing currently scheduled to be held on April 22, 2015.

liens on the real estate to be sold in exchange for payment of the net sale proceeds realized from the sale of that real estate. Accordingly, the Receiver proposes to pay the net sale proceeds (in excess of property taxes, customary selling expenses and related obligations) realized from the sale of the real estate to those entities holding such first priority liens.  To the extent any net sale proceeds remain after all liens on a particular parcel of real estate have been satisfied, such net sale proceeds shall first be used to satisfy any remaining obligations of the particular entity owning that real estate, and then any remaining funds will be distributed to MEI, as the sole owner of such entity, to be used in accordance with the following sub-paragraph.

(b) <u>Business Assets.</u>  The net sale proceeds realized from the sale of MEI's business assets (together with any excess proceeds realized by MEI from the sale of the real estate discussed above) shall be distributed as follows:  (i) first to pay any normal and customary selling costs with respect to such assets, (ii) second, to pay any accrued and unpaid federal payroll-related taxes, including any interest and penalties accrued or assessed thereon, as of the date of the closing of the sale; (iii) third, to pay all accrued  and unpaid fees and expenses of the Receiver and any professionals retained by the Receiver, including Huron, consistent with the provisions of the Receivership Order or any further orders of the Court, and to fund an escrow for future obligations to such entities that arise in connection with this receivership; (iv) fourth, to pay any undisputed obligations owed to any entities holding valid and perfected security interests in the assets sold, up to the value of those entities' secured claims; and (v) fifth, to be held in escrow by the Receiver (or the Receiver's designee) pending further Order of the Court.

14. If, at least two business days prior to the May 5, 2015 hearing on the proposed sale, any party in interest files a written objection with the Court to the

proposed distributions set forth above, and such objection is not resolved prior to the closing of the proposed transaction, the Receiver (or the Receiver's designee) shall hold in escrow any funds subject to such objection pending further Order of the Court.  Similarly, if the Receiver disputes the amount, priority or validity of any obligation set forth above, and such dispute is not resolved prior to the closing of the transaction, the Receiver (or the Receiver's designee) shall hold in escrow any funds subject to such dispute pending further Order of the Court.

15. To the extent any liens or security interests asserted against assets of MEI are not satisfied at or before the sale of MEI's assets, the Receiver would propose that, following the distributions set forth above, any such liens or security interests attach to the net sale proceeds to the same extent and in the same priority as existed in the assets sold.

**The Proposed Sale is in the Best Interest of the Receivership Estate and the Defendants' Creditors**

16. As will be shown at the hearing to consider this Motion, the proposed sale of the Property to Pansophic consistent with the terms of the Letter of Intent will maximize both (a) the financial recovery to the Defendants' creditors, and (b) the continuation of "appropriate and quality educational services at the schools"

currently managed by the Defendants. Both of these results are consistent with the Receivers "paramount duties" as specified in the Receiver Order.

17. Moreover, the Receiver believes, and will show at the sale hearing, that the proposed sale price of the Property is the highest price that could realistically be achieved from a sale of the Property, and that the proposed sale is in the best interest of the receivership estate and its creditors.

18. The Receiver represents and will testify at the sale hearing that the proposed transaction is the result of an arms-length, good-faith negotiation in which each side was represented by competent professionals, that to the best of the Receiver's knowledge there is no connection between the purchaser or the Receiver or any of their respective professionals, and that no Orders of the Court have been or will be violated in connection with this transaction. Accordingly, the Receiver will request that any Order approving the sale provide maximum liability protection for the Receiver and its professionals consistent with the provisions of the Receivership Order.

19. Finally, given the urgency of the transaction, the Receiver requests that any Order approving the proposed sale be effective immediately upon its entry.

20. The Receiver will serve a copy of this Motion, together with a notice of hearing, either electronically through the Court ECF system or via first class mail, on all entities (or their counsel) that have appeared in this case, all applicable taxing authorities (including the Internal Revenue Service) known to the Receiver, and all entities known to the Receiver to assert an interest in any of the Property proposed to be sold pursuant to this Motion.

WHEREFORE, the Receiver respectfully requests the Court to (i) authorize it to sale the Property pursuant to the terms of the Agreement, (ii) authorize it to distribute the net sale proceeds as set forth above, (iii) confirm the sale of the real property sold pursuant to this Motion, and (iv) grant such other and further relief as is just and appropriate.

Respectfully submitted, this 20th day of April, 2015.

SCROGGINS & WILLIAMSON, P.C.

| | |
|---|---|
| 1500 Candler Building | /s/ J. Hayden Kepner, Jr. |
| 127 Peachtree Street, N.E. | J. ROBERT WILLIAMSON |
| Atlanta, GA 30303 | Georgia Bar No. 765214 |
| T: (404) 893-3880 | J. HAYDEN KEPNER, JR. |
| E: rwilliamson@swlawfirm.com | Georgia Bar No. 416616 |
| hkepner@swlawfirm.com | |

*Counsel for the Receiver*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing **Receiver's Motion to Approve Sale of Substantially All of the Assets of the Defendants, Including Real Estate** with the Clerk of the Court via the CM/ECF system, which will automatically send notification to the attorneys of record.

This 20th day of April, 2015

SCROGGINS & WILLIAMSON, P.C.

| | |
|---|---|
| 1500 Candler Building | /s/ J. Hayden Kepner, Jr. |
| 127 Peachtree Street, N.E. | J. ROBERT WILLIAMSON |
| Atlanta, GA 30303 | Georgia Bar No. 765214 |
| T: (404) 893-3880 | J. HAYDEN KEPNER, JR. |
| E: rwilliamson@swlawfirm.com | Georgia Bar No. 416616 |
| hkepner@swlawfirm.com | |

*Counsel for the Receiver*