

EXHIBIT 257

OPERATING AGREEMENT

OF

COLUMBUS-MORSE PROPERTIES, LLC

*Organized Under the Laws of the State*

*of Georgia*

THIS OPERATING AGREEMENT is effective as of June 8, 2007, to govern the affairs of Columbus-Morse Properties, LLC, a Georgia limited liability company (the "Company"). At this time the sole member of the Company is Mosaica Education, Inc., a Delaware corporation (the "Member").

## Article I
## Organization

**1.1** **Formation**. The Company has been organized as a Limited Liability Company pursuant to the Georgia Limited Liability Company Act, as amended (the "Act").

**1.2** **Name**. The name of the Company is Columbus-Morse Properties, Inc., and all business shall be conducted under such name and under any other name or names for which an assumed name certificate is filed as required by law.

**1.3** **Registered Office**. The registered office of the Company shall be located in the State of Georgia at such location as shall be designated from time to time by the Member(s). The Company may also have offices in such other places as the Member(s) may from time to time decide, or as the business of the Company may require. The initial registered office shall be as set forth in the Articles of Organization.

**1.4** **Effective Date and Term**. The Company shall be effective as of the date that the Articles of Organization were filed with the Georgia Secretary of State - Division of Corporations and shall continue in perpetuity unless it is dissolved or terminated earlier pursuant to the Act or any provision of this Operating Agreement.

**1.5** **Purpose of Business**. The Company may engage in any lawful activity in which a limited liability company may engage pursuant to the Act.

**1.6** **Liability**. No Member shall be liable for any debt, obligation, or liability of the Company, except to the extent expressly assumed in writing.

## Article II
## Capital Contributions

**2.1** **Capital Contributions**. The interest of the Member(s) in the Company shall be 1,000 equal Units ("Units") with a stated value of One Dollar ($1.00). In exchange for such Units, the Member(s) have contributed to the Company the property identified in the Company's books and records. The Member(s) shall not have the right to withdraw capital contributions except as otherwise specifically provided herein.

**2.2** **Loans**. The Member(s) may, at any time, make or cause a loan to be made to the Company in any amount and on those terms upon which the Member(s) and the Company agree. If the Member(s) make any loans to the Company, or advances money on its behalf, the amount of such loan or advance shall not be treated as a contribution to the capital of the Company but shall be a debt due from the Company. Any such loan or advance shall be repayable out of the Company's cash and shall bear interest at a rate not less than the applicable federal rate as

Columbus-Morse Properties, LLC – Operating Agreement

defined in §1274(d) of the Internal Revenue Code of 1986, as amended. The Member(s) shall not be obligated pursuant to this Operating Agreement to make any loan or advance to the Company.

## Article III
## Allocation of Profits, Losses and Distributions

**3.1** **Allocation of Profits and Losses.** Net profits or losses of the Company (and their various items of income, expenses, and credits for federal income tax purposes) including any profits, gains or losses which are not taken into account for federal income tax purposes, shall be allocated to the Members in direct proportion to the number of Units owned by each of them. Because the Company has one Member, all items shall be allocated to that sole Member until another Member is added to the Company.

**3.2** **Distribution of Cash.** Distributions shall be made upon a vote of the Member(s), after paying the obligations incurred for the operation of the Company and capital expenditures, and establishing a cash reserve considered suitable by the Member(s) and shall be distributed to each Member in direct proportion to the number of Units owned.

**3.3** **Distributions in Kind.** Except as unanimously agreed to by all Members, a Member, regardless of the number of Units owned by such Member, has no right to demand and receive a distribution from the Company in any form other than cash and a Member may not be compelled to accept from the Company a distribution of an asset in kind. The Company shall not make a distribution if such distribution would be in violation of Section 607 of the Act.

## Article IV
## Management of the Company

**4.1** **Management of the Company.** The management of the Company shall be the responsibility of one person (the "Manager") who shall be appointed by the Member(s). The number, terms, duties, compensation and benefits, if any, of the Manager shall be determined by the Member(s). The Manager shall serve at the will and pleasure of the Member(s). The initial Manager is MICHAEL J. CONNELLY.

**4.2** **General Powers of the Manager.** The Manager has the power, on behalf of the Company, to do all things necessary or convenient to carry out the business and affairs of the Company, and further including in general, but not by way of limitation, the power to (a) purchase, lease, or otherwise acquire any real or personal property; (b) sell, convey, mortgage, grant a security interest in, pledge, lease, exchange, or otherwise dispose of or encumber any real or personal property; (c) open one or more depository or demand accounts and make deposits into and checks and withdrawals against such accounts; (d) borrow money and incur liabilities and other obligations; (e) open a branch office or offices and authorize the conduct of business in any foreign country or countries; (f) enter into any and all agreements and execute any and all contracts, documents, and instruments; (g) engage employees, investment bankers, attorneys, consultants, accountants, contractors and agents, define their respective duties, and establish their compensation or remuneration; (h) establish pension plans, trusts, profit sharing plans, and other benefit and incentive plans for Members, employees, and agents of the Company; (i) obtain insurance covering the business and affairs of the Company and its property and the lives and well being of its Members, employees, and agents; and (j) commence, prosecute, or defend any legal proceeding in the Company's name.

Columbus-Morse Properties, LLC – Operating Agreement

**4.3 Standard of Care; Liability.** The Manager shall discharge his duties in the management of the Company's business and affairs in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances and in a manner he reasonably believes to be in the best interests of the Company. The Manager shall not be liable for any monetary damages to the Company for any breach of such duties except for (a) receiving a financial benefit to which the Manager is not entitled; (b) voting for or assenting to a distribution to Members in violation of this Agreement or the Act; or (c) committing a knowing violation of the law.

**4.4 Reimbursement.** The Manager shall be entitled to reimbursement from the Company of all expenses of the Company reasonably incurred and paid for by him on behalf of the Company.

**4.5 Delegation of Authority.** The Manager may from time to time delegate to other persons in writing such authority as he deems necessary or desirable to act on behalf of the Company. If such delegation of authority is made by the Manager, the acts of the persons to whom such authority is delegated shall be binding on the Company the same as if the action was taken by the Manager.

## Article V
## Dissolution

**5.1 Dissolution.** The Company shall be dissolved and its affairs wound up upon the happening of any of the following events:

5.1.1  Upon the entry of a decree of judicial dissolution; or

5.1.2  Upon written consent of the Member(s).

**5.2 Liquidation.** The existence of the Company shall not end until the Company's Articles of Organization have been canceled and the assets of the Company have been distributed as provided herein. Upon the dissolution of the Company, the Member(s) shall liquidate the assets of the Company, apply and distribute the proceeds thereof as provided by this Operating Agreement and cause the cancellation of the Company's Articles of Organization.

**5.3 Distribution in Liquidation.** Upon the dissolution of the Company and incident to the winding-up of the Company's business and affairs, the Member(s) shall cause the Company to pay or make provision for the payment of all liabilities and obligations of the Company, actual or contingent, and all expenses of liquidation to the extent that the Company's assets are sufficient to do so. Any amounts deemed necessary by the Member(s) to provide a reserve for any unforeseen liabilities and obligations may, in the discretion of the Member(s), be deposited in a bank or trust company upon such terms and for such period of time as the Member(s) may determine. Following the payment of or provision for the liabilities of the Company as provided above, the remaining assets of the Company shall be distributed to the Member(s).

## Article VI
## Indemnification

**6.1 Indemnification of Manager or Member.** The Company shall indemnify and hold harmless the Manager and Member(s) from and against any and all losses, expenses, claims

Columbus-Morse Properties, LLC – Operating Agreement

and demands sustained by reason of any acts or omissions or alleged acts or omissions as Manager or Member, including judgments, settlements, penalties, fines or expenses incurred in a proceeding to which the Manager or Member is a party or threatened to be made a party because he is or was a Manager or Member. However, the Company may not indemnify the Manager or Member if, after a factual determination by a competent court, it is determined that the Manager or Member:

    6.1.1  Received a financial benefit to which the Manager or Member was not entitled either under the Act or under this Operating Agreement;

    6.1.2  Voted for or assented to a distribution in violation of the Act or this Operating Agreement; or

    6.1.3  Willfully violated the law.

**6.2**  **No Liability**. The Manager or Member shall incur no liability to the Company as a result of engaging in any other business or venture regardless of whether such other business or venture competes with the Company or whether the Manager or Member is active in the management or business of such other business or venture. The Company and the Manager or Member shall not have any right by virtue of this Operating Agreement or any applicable law in or to the other business ventures of the Manager or Member or to the income, gains, losses, deductions and credits derived therefrom by the Manager or Member.

**Article VII**
**Amendments**

**7.1**  **Amendments**. Amendments to this Operating Agreement may be made by the Member(s), but must be in writing in order to be effective.

**Article VIII**
**Miscellaneous**

**8.1**  **Governing Law**. This Operating Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to any conflict of law provisions.

**8.2**  **Severability**. This Operating Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules, and regulations of the jurisdictions in which the Company does business. If any provision of this Operating Agreement or its application to any person or circumstances shall, for any reason and to any extent, be invalid or unenforceable, the remainder of this Operating Agreement and the application of that provision to other persons or circumstances shall not be affected by it, but rather shall be enforced to the greatest extent permitted by law.

**8.3**  **Notices**. Notices to the Member(s) or to the Company shall be deemed to have been given when mailed, by prepaid registered or certified mail, addressed as set forth in the Company records or as set forth in any notice or change of address previously given in writing by the addressee to the addresser.

**8.4**  **Captions**. The section titles or captions contained in this Operating Agreement are provided for the sake of convenience only and shall not be deemed part of the context of this Operating Agreement.

Columbus-Morse Properties, LLC – Operating Agreement

**8.5** **Number and Gender**.  All of the terms and words used in this Operating Agreement, regardless of the number and gender in which they are used, shall be deemed and construed to include any other number, singular or plural, and any other gender, masculine, feminine or neuter, that the context or sense of this Operating Agreement may require, as if the words had been fully and properly written in the number and gender.

The undersigned certifies that Mosaica Education, Inc. is the sole member of Columbus-Morse Properties, LLC, a Georgia limited liability company, and that the foregoing Operating Agreement constitutes the original Operating Agreement of that entity as duly adopted by the sole member as of the day and year first above written.

MOSAICA EDUCATION, INC.

_____
Richard A. Hauge
Secretary
