EXHIBIT
266

## ASSIGNMENT AND AGREEMENT

THIS ASSIGNMENT AND AGREEMENT (the "Assignment"), made and entered into as of the 11th day of February, 2014, is by and among **Mosaica Education, Inc.**, a Delaware corporation ("*Assignor*"), **Mosaica Advantage Holdings, Inc.**, a Delaware corporation ("*MAHI*"), **Mosaica Advantage, Inc.**, a Delaware corporation ("*MAI*"), **ASI North Carolina, LLC**, a Delaware limited liability company ("*ASINC*"), **Cleveland Educational Properties, LLC**, a Delaware limited liability company ("*CLEP*"), **Cleveland School Properties, LLC**, a Delaware limited liability company ("*CLSP*"), **Columbus Educational Properties, LLC**, a Delaware limited liability company ("*COEP*"), **Columbus School Properties, LLC**, a Delaware limited liability company ("*COSP*"), **Columbus-Morse Properties, LLC**, a Georgia limited liability company ("*CMP*"), **ECE Company, LLC**, a Michigan limited liability company ("*ECEC*"), **Educational Facilities Acquisition, LLC**, a Delaware limited liability company ("*EFAL*"), **ASI Texas, LLC**, a Delaware limited liability company ("*ASITX*"), **Mered Company, LLC**, a Delaware limited liability company ("*MERED*"), **Mosaica Columbus, LLC**, a Georgia limited liability company ("*MCOL*"), **Mosaica Education Abu Dhabi, LLC**, a Delaware limited liability company ("*MEADL*"), **Mosaica Education Qatar, LLC**, a Delaware limited liability company ("*MEQL*"), **Michigan Educational Facilities, LLC**, a Delaware limited liability company ("*MEFL*"), **Lorain-Leavitt Properties, LLC**, a Georgia limited liability company ("*LLPL*"), **Ohio Educational Facilities, LLC**, a Delaware limited liability company ("*OEFL*"), **School Facilities, LLC**, a Delaware limited liability company ("*SFL*"), **School Properties Company, LLC**, a Delaware limited liability company ("*SPCL*"), **Warren-Elm Facilities, LLC**, a Georgia limited liability company ("*WEFL*"), **Subhanjan Education Management Services, LLC**, a foreign entity registered in India ("*SEMSL*"), **Springfield Investment Properties, LLC**, an Ohio limited liability company ("*SIPL*"), **Mosaica Turnaround Partners, LLC**, a Delaware limited liability company ("*MTPL*"), **Mosaica Holdings, LLC**, a Delaware limited liability company ("*MHL*"), **Mosaica Education United Kingdom**, a foreign entity registered in the United Kingdom ("*MEUK*"), **Mosaica Education Eğitim Hizmetleri Limited Şirketi**, a foreign entity registered in Turkey ("*MEEHLS*"), **Mosaica American School, LLC**, a Delaware limited liability company ("*MASL*"), **Mercury Online Academy of Arizona, LLC**, an Arizona limited liability company ("*MOAAL*"), **Global Educators, LLC**, a Delaware limited liability company ("*GEL*"), **Educational Properties Company, LLC**, a Michigan limited liability company ("*EPCL*"), and **EFA Company, LLC**, a Michigan limited liability company ("*EFACL*" and, collectively with MAHI, MAI, ASINC, CLEP, CLSP, COEP, COSP, CMP, ECEC, EFAL, ASITX, MERED, MCOL, MEADL, MEQL, MEFL, LLPL, OEFL, SFL, SPCL, WEFL, SEMSL, SIPL, MTPL, MHL, MEUK, MEEHLS, MASL, MOAAL, GEL, EPCL, the "*Guarantors*"), and **Tatonka Capital Corporation**, a Colorado corporation (the "*Assignee*").

## R E C I T A L S:

WHEREAS, Assignor and Guarantors are currently indebted to Assignee under certain credit facilities (herein, the "*Indebtedness*"; and all instruments, agreements, and documents executed in association with the Indebtedness, including, without limitation all guaranty agreements, shall be collectively referred to as the "*Loan Documents*"); and

WHEREAS, Assignor and Guarantors are currently in default under the Loan Documents, and such default is continuing notwithstanding the parties entering into this Assignment (the "*Default*"); and

WHEREAS, Assignor is currently the holder and payee of two promissory notes described as follows:

(a) That certain Replacement Promissory Note in the original principal amount of $672,803.31 dated as of June 30, 2003, from The Fell Charter School ("*Fell Charter*"), payable to the order of Assignor (the "*2003 Fell Note*"); and

(b) That certain Replacement Promissory Note in the original principal amount of $475,278.05 dated as of June 30, 2004, from Fell Charter, payable to the order of Assignor (the "*2004 Fell Note*" and, collectively with the 2003 Fell Note, the "*Fell Notes*"); and

WHEREAS, Assignor is currently owed certain additional amounts from Fell Charter not evidenced by the Fell Notes as described on *Exhibit A* (the "*Fell AR*"); and

WHEREAS, pursuant to the Loan Documents, the Fell Notes and the Fell AR are collateral and security for the repayment of the Indebtedness by Assignor and Guarantors to Assignee; and

WHEREAS, as a result of the Default, Assignee is currently entitled to foreclose on the Fell AR and the Fell Notes; and

WHEREAS, in exchange for Assignee agreeing not to foreclose on the Fell AR and the Fell Notes, Assignor has agreed to transfer all of its rights, title and interest in such to the Assignee and to further agree as outlined herein.

## AGREEMENT

**NOW, THEREFORE,** in consideration of the foregoing Recitals, the covenants and agreements of the parties hereto, and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, the parties hereby agree as follows:

1. Recitals. The parties agree that the above recitals are true and correct.

2. Assignment.

   (a) The Assignor does hereby grant, bargain, sell, convey, warrant, set over and assign unto Assignee all right, title and interest of the Assignor in, to and under the Fell Notes and the Fell AR together with and including all benefits, rights, interests, privileges, immunities, indemnities and remedies set forth in the Fell Notes, all debts and obligations of Fell Charter evidenced thereby and/or otherwise owed to Assignor, and the right to receive all payments of principal, interest or other agreed charges from time to time owing thereunder, to have and to hold unto the Assignee and its successors and assigns, forever. This assignment includes, without limitation, all rights of Assignor to assert any causes of action against Fell Charter and/or against Fell Charter's officers, directors and/or employees related to the Fell Notes or the Fell AR.

   (b) Upon execution of this Assignment, Assignor agrees to execute an allonge for each of the Fell Notes in favor of Assignee, in such form as is agreeable to Assignee, and further agrees to execute any and all other documentation requested by Assignee to (i) evidence the assignment of the Fell Notes and the Fell AR to Assignee, and/or (ii) to notify Fell Charter of the assignment hereunder.

   (c) In the event that Assignor receives any funds from Fell Charter as repayment of the Fell Notes and/or the Fell AR following the execution hereof, Assignor agrees to immediately transfer such funds to Assignee without demand.

3.      Acknowledgements and Agreements.   Assignor and Guarantors, jointly and severally, hereby acknowledge and agree as follows:

(a)      Assignor and Guarantors are currently indebted to Assignee as outlined in the Loan Documents.

(b)      Assignor and Guarantors are currently in default under the Loan Documents, and such default is continuing notwithstanding Assignee entering into this Assignment.

(c)      In light of the Default, Assignee has the right to exercise any and all remedies available to it under the Loan Documents notwithstanding Assignee entering into this Assignment.

(d)      Neither Assignor nor any of the Guarantors has any claims, counterclaims, defenses, or set-offs against Assignor with respect to the Indebtedness and the Loan Documents, and to the extent any such set-offs, claims, counterclaims or defenses exist, the same are hereby waived and released in consideration of Assignee entering into this Assignment.

(e)      In consideration of Assignee entering into this Assignment, and without any contingency, precondition, or condition subsequent, each of Assignor and Guarantors, for itself and any successors and assigns, does hereby jointly and severally fully and forever release, relinquish, discharge, settle and compromise any and all claims, cross-claims, counterclaims, causes, damages and actions of every kind and character, and all suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which any of them had or will have against Assignee, and/or any of its agents, representatives, officers, professionals, employees or contractors on account of, arising, or resulting from, or in any manner incidental to, any and every thing or event occurring or failing to occur at any time in the past up to and including the date hereof, including, without limitation, any claims relating to the Indebtedness, the Loan Documents, and any act or event relating to the Assignee's administration of the Indebtedness, this Assignment or any other transaction contemplated by this Assignment.

(f)      No action of Assignee under this Assignment or any future lending on the part of Assignee or otherwise shall act to release Assignor or any of the Guarantors from any obligations to Assignee with respect to any of the Indebtedness and the Loan Documents, and all of said obligations are hereby ratified and affirmed the same as if repeated on this date, and the Assignor and Guarantors acknowledge that no defenses or offsets exist with respect to the obligations and Indebtedness.  Assignor and Guarantors ratify and confirm that all terms and conditions of the Loan Documents remain in full force and effect and constitute the legal, valid and binding obligations of the Assignor and Guarantors enforceable against such parties in accordance with the terms stated therein.

(g)      Except as specifically provided for in subsection (h) immediately below, neither the execution and delivery of this Assignment, nor the performance of the terms hereof or any future lending on behalf of Assignee to Assignor and/or any of the Guarantors, shall (i) constitute a novation, payment, or satisfaction of all or any portion of the Indebtedness or the Loan Documents, or (ii) waive, limit or impair any right or remedy under the Loan Documents executed in connection with the Indebtedness, including without limitation any right or remedy related to any past, present and/or future default by Assignor and/or any of the Guarantors.  Anything herein to the contrary notwithstanding, this Assignment shall not be construed as a limitation or release of the rights and remedies that Assignee

has under applicable laws or the loan documents heretofore executed by Assignor and Guarantors with respect to Assignee.

(h)     In no way is Assignee's acceptance of the assignment hereunder a full and final satisfaction of the Indebtedness.  If and when Assignee is paid any amounts by Fell Charter under the Fell Notes and/or the Fell AR, Assignee, in its sole and absolute discretion, shall apply such amounts against any of the amounts outstanding under the Indebtedness as Assignee shall choose, after Assignee has reimbursed itself for its costs associated with such collection efforts, including, without limitation, the costs of reasonable attorney's fees.

4.     Representations and Warranties.   Each of Assignor and each Guarantor hereby represents and warrants to Assignee as follows:

(a)     Each of Assignor and each Guarantor has full power and authority to enter into this Assignment, and that this Assignment constitutes the legal, valid, and binding obligations of Assignor and Guarantors, enforceable in accordance with its terms.

(b)     Assignor (i) has good and marketable title to the Fell Notes, the Fell AR, and to all of the indebtedness of Fell Charter evidenced thereby, (ii) neither the Fell Notes nor the Fell AR are subject to any liens or encumbrances except for the liens of Assignee, (iii) the outstanding principal balances of the 2003 Fell Note as of June 30, 2013 and the date of this Assignment were $276,645.04 and $276,645.04, respectively, the accrued and unpaid interest on the outstanding principal of the 2003 Fell Note as of June 30, 2013 was $57,243.70, and the additional interest that has accrued on the outstanding principal balances of the 2003 Fell Note from July 1, 2013 through the date of this Assignment (applying the default rates of interest as provided for in the 2003 Fell Note) is $31,122.57, (iv) the outstanding principal balances of the 2004 Fell Note as of June 30, 2013 and the date of this Assignment were $475,278.05 and $475,278.32, respectively, the accrued and unpaid interest on the outstanding principal balance of the 2004 Fell Note as of June 30, 2013 was $81,985.46, and the additional interest that has accrued on the outstanding principal balances of the 2004 Fell Note from July 1, 2013 through the date of this Assignment (applying the default rates of interest as provided for in the 2004 Fell Note) is $53,468.78, (v) the Fell Notes have not been amended nor modified prior to the date of this Assignment, and (vi) the outstanding amount of the Fell AR as of the date of this Assignment is $1,168,254.23 and, except as described in *Exhibit B*, Fell Charter has not disputed any amount, invoice, or accounting of the Fell AR.

(c)     Each of Assignor and each Guarantor is validly existing under the laws of its state of formation or organization and has the requisite power and authority to execute and deliver this Assignment and to perform under the Loan Documents.  The execution and delivery of this Assignment and the performance of Assignor and Guarantors have been duly authorized by all requisite action by or on behalf of Assignor and Guarantors.  This Assignment has been duly executed and delivered on behalf of Assignor and Guarantors.

5.     Miscellaneous.

(a)     Upon request by Assignee, Assignor and each Guarantor agree to provide any and all documentation, information and assistance to assist Assignee in asserting its rights as lender and payee (including, without limitation, any collection efforts) under the Fell Notes and the Fell AR.

(b)     Each of Assignor and each Guarantor specifically acknowledges and agrees that nothing contained in this Assignment nor any future lending on behalf of Assignee to Assignor and/or any Guarantor shall be understood or construed to be a satisfaction or release in whole or in part of any indebtedness evidenced by the Loan Documents, or to be an amendment or waiver of any of the provisions of the Loan Documents, except as specifically set forth in this Assignment. The terms and conditions of the Loan Documents shall continue in full force and effect without change.

(c)     Each of Assignor and each Guarantor agrees to pay directly or reimburse Assignee for all expenses, including without limitation fees and expenses of legal counsel, filing fees, and title insurance, incurred by Assignee in connection with the preparation of this Assignment and the documents executed in connection herewith.

(d)     This Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, legal representatives, and assigns.

(e)     This Assignment may be executed in any number of counterparts bearing the original signatures of one or more of the parties hereto, each of which shall for all purposes be deemed an original, but all of which, taken together, shall constitute one and the same agreement. It shall not be necessary for all parties to sign the same counterpart.

(f)     Time is of the essence of this Assignment and all terms, covenants, conditions and agreements set forth herein.

(g)     The parties hereto agree to execute and deliver to the other, from time to time at or after the date hereof, for no additional consideration and at no additional cost to the requesting party, such further assignments, certificates, instruments, records, or other documents, assurances, or things as may be reasonably necessary to give full effect to this Assignment and to allow each party fully to enjoy and exercise the rights accorded and acquired by it under this Assignment.

(h)     This Assignment, and the rights of the parties hereunder, will be governed by and construed in all respects in accordance with the laws of the State of Colorado without regard to conflict of law rules.

**(END OF PAGE)**

**IN WITNESS WHEREOF**, the undersigned parties have caused this Assignment to be properly executed and delivered as of the day and year first above written.

ASSIGNOR:

                       **Mosaica Education, Inc.**
                       a Delaware corporation

                       By: _____
                       Print Name:   Michael J. Conelly
                       Title:   CEO

GUARANTORS:

                       **Mosaica Advantage Holdings, Inc.**
                       a Delaware corporation

                       By: _____
                       Print Name:   Michael J. Conelly
                       Title:   CEO

                       **Mosaica Advantage, Inc.**
                       a Delaware corporation

                       By: _____
                       Print Name:   Michael J. Conelly
                       Title:   CEO

                       **ASI North Carolina, LLC**
                       a Delaware limited liability company

                       By: _____
                       Print Name:   Michael J. Conelly
                       Title:   Manager

                       **Cleveland Educational Properties, LLC**
                       a Delaware limited liability company

                       By: _____
                       Print Name:   Michael J. Conelly
                       Title:   Manager

                       **Cleveland School Properties, LLC**
                       a Delaware limited liability company

                       By: _____
                       Print Name:   Michael J. Conelly
                       Title:   Manager

**Columbus Educational Properties, LLC**
a Delaware limited liability company

By: _____
Print Name:    Michael J. Conelly
Title:    Manager

**Columbus School Properties, LLC**
a Delaware limited liability company

By: _____
Print Name:    Michael J. Conelly
Title:    Manager

**Columbus-Morse Properties, LLC**
a Georgia limited liability company

By: _____
Print Name:    Michael J. Conelly
Title:    Manager

**ECE Company, LLC**
a Michigan limited liability company

By: _____
Print Name:    Michael J. Conelly
Title:    Manager

**Educational Facilities Acquisition, LLC**
a Delaware limited liability company

By: _____
Print Name:    Michael J. Conelly
Title:    Manager

**ASI Texas, LLC**
a Delaware limited liability company

By: _____
Print Name:    Michael J. Conelly
Title:    Manager

**Mered Company, LLC**
a Delaware limited liability company

By: _____
Print Name:    Michael J. Conelly
Title:    Manager

**Mosaica Columbus, LLC**
a Georgia limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Mosaica Education Abu Dhabi, LLC**
a Delaware limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Mosaica Education Qatar, LLC**
a Delaware limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Michigan Educational Facilities, LLC**
a Delaware limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Lorain-Leavitt Properties, LLC**
a Georgia limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Ohio Educational Facilities, LLC**
a Delaware limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**School Facilities, LLC**
a Delaware limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**School Properties Company, LLC**
a Delaware limited liability company

By: _[signature]_
Print Name:   Michael J. Conelly
Title:   Manager

**Warren-Elm Facilities, LLC**
a Georgia limited liability company

By: _[signature]_
Print Name:   Michael J. Conelly
Title:   Manager

**Subhanjan Education Management Services, LLC**
a foreign entity registered in India

By: _[signature]_
Print Name:   Michael J. Conelly
Title:   Manager

**Springfield Investment Properties, LLC**
an Ohio limited liability company

By: _[signature]_
Print Name:   Michael J. Conelly
Title:   Manager

**Mosaica Turnaround Partners, LLC**
a Delaware limited liability company

By: _[signature]_
Print Name:   Michael J. Conelly
Title:   Manager

**Mosaica Holdings, LLC**
a Delaware limited liability company

By: _[signature]_
Print Name:   Michael J. Conelly
Title:   Manager

**Mosaica Education United Kingdom**
a foreign entity registered in the United Kingdom

By: _[signature]_
Print Name:   Michael J. Conelly
Title:   Manager

2018616! v3

**Mosaica Education Eğitim Hizmetleri Limited Şirketi**
a foreign entity registered in Turkey

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Mosaica American School, LLC**
a Delaware limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Mercury Online Academy of Arizona, LLC**
an Arizona limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Global Educators, LLC**
a Delaware limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**Educational Properties Company, LLC**
a Michigan limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**EFA Company, LLC**
a Michigan limited liability company

By: _____
Print Name:   Michael J. Conelly
Title:   Manager

**ASSIGNEE:**

**Tatonka Capital Corporation**
a Colorado corporation

By: _____
Print Name:   Jake Bauers
Title:   CFO

<u>EXHIBIT A</u>

Fell AR

**SEE ATTACHED EXHIBIT A – ACCOUNTS RECEIVABLE AGING REPORT AS OF 2/10/2014**

## EXHIBIT B

### Fell AR Disputes

ACCOUNTS RECEIVABLE INVOICES RELATED TO THE DISMANTLING AND REMOVAL
OF THE MODULAR BUILDING UNITS

| INVOICE # | DATE | AMOUNT |
|---|---|---|
| 28038 | 7/27/10 | $27,000.00 |
| 28362 | 8/17/10 | 9,075.00 |
| 29217 | 11/2/10 | 9,075.00 |
| 29218 | 11/2/10 | 42,250.00 |
| 29219 | 11/2/10 | 25,690.00 |
| | | $113,090.00 |

THE ABOVE INVOICS ARE INCLUDED IN THE OUTSTANDING RECEIVABLE AMOUNT
DETAILED IN EXHIBIT A.

EXHIBIT A

# Accounts Receivable

## Aged Receivables
## Invoice Summary  Aged As Of 02/10/2014

| Invoice | | Invoice Date | Due Date | Invoice Type | Balance |
|---|---|---|---|---|---|
| Customer | FCS | Fell Charter School | | | |
| | 0000025441-IN | 6/30/2009 | 6/30/2009 | EXP | 496.19 |
| | 0000028038-IN | 7/27/2010 | 7/27/2010 | EXP | 27,000.00 |
| | 0000028362-IN | 8/17/2010 | 8/17/2010 | EXP | 9,075.00 |
| | 0000029217-IN | 11/2/2010 | 11/2/2010 | EXP | 9,075.00 |
| | 0000029218-IN | 11/2/2010 | 11/2/2010 | EXP | 42,250.00 |
| | 0000029219-IN | 11/2/2010 | 11/2/2010 | EXP | 25,690.00 |
| | 0000029260-IN | 11/5/2010 | 11/5/2010 | PR | 9,015.09 |
| | 0000031763-IN | 5/1/2011 | 5/1/2011 | FIN | 2,916.77 |
| | 0000031944-IN | 7/1/2011 | 7/1/2011 | INT | 6,541.00 |
| | 0000032244-IN | 8/1/2011 | 8/1/2011 | MGMT | 19,428.00 |
| | 0000032268-IN | 8/1/2011 | 8/1/2011 | INT | 6,504.00 |
| | 0000032507-IN | 8/23/2011 | 8/23/2011 | MGMT | 3,803.00 |
| | 0000032535-IN | 9/1/2011 | 9/1/2011 | MGMT | 19,428.00 |
| | 0000032681-IN | 7/31/2011 | 7/31/2011 | FIN | 4,283.33 |
| | 0000032693-IN | 9/20/2011 | 9/20/2011 | PR | 3,672.66 |
| | 0000032783-IN | 10/1/2011 | 10/1/2011 | MGMT | 19,428.00 |
| | 0000032863-IN | 10/1/2011 | 10/1/2011 | INT | 6,436.00 |
| | 0000032805-IN | 10/1/2011 | 10/1/2011 | NOTE | 5,000.00 |
| | 0000032863-IN | 10/5/2011 | 10/5/2011 | PR | 3,672.66 |
| | 0000033025-IN | 10/19/2011 | 10/19/2011 | PR | 3,672.66 |
| | 0000033243-IN | 11/1/2011 | 11/1/2011 | MGMT | 19,428.00 |
| | 0000033271-IN | 11/1/2011 | 11/1/2011 | INT | 6,393.00 |
| | 0000033274-IN | 11/1/2011 | 11/1/2011 | NOTE | 5,000.00 |
| | 0000033302-IN | 8/31/2011 | 8/31/2011 | FIN | 3,241.36 |
| | 0000033335-IN | 11/4/2011 | 11/4/2011 | PR | 3,672.65 |
| | 0000033426-IN | 11/18/2011 | 11/18/2011 | PR | 3,672.67 |
| | 0000033475-IN | 12/1/2011 | 12/1/2011 | MGMT | 19,428.00 |
| | 0000033503-IN | 12/1/2011 | 12/1/2011 | INT | 6,356.00 |
| | 0000033505-IN | 12/1/2011 | 12/1/2011 | NOTE | 5,000.00 |
| | 0000033557-IN | 9/30/2011 | 9/30/2011 | FIN | 4,872.95 |
| | 0000033574-IN | 12/7/2011 | 12/7/2011 | PR | 3,672.65 |
| | 0000033609-IN | 11/1/2011 | 11/1/2011 | INS | 444.23 |
| | 0000033681-IN | 12/20/2011 | 12/20/2011 | PR | 3,672.66 |
| | 0000033735-IN | 1/1/2012 | 1/1/2012 | MGMT | 19,428.00 |
| | 0000033760-IN | 1/1/2012 | 1/1/2012 | INT | 6,319.00 |
| | 0000033762-IN | 1/1/2012 | 1/1/2012 | NOTE | 5,000.00 |
| | 0000033812-IN | 1/5/2012 | 1/5/2012 | PR | 3,672.66 |
| | 0000033872-IN | 1/18/2012 | 1/18/2012 | PR | 3,672.66 |
| | 0000033909-IN | 10/31/2011 | 10/31/2011 | FIN | 4,512.73 |
| | 0000034067-IN | 2/1/2012 | 2/1/2012 | MGMT | 19,428.00 |
| | 0000034080-IN | 2/1/2012 | 2/1/2012 | INT | 6,282.00 |
| | 0000034092-IN | 2/1/2012 | 2/1/2012 | NOTE | 5,000.00 |
| | 0000034160-IN | 2/6/2012 | 2/6/2012 | PR | 3,672.66 |
| | 0000034282-IN | 2/17/2012 | 2/17/2012 | PR | 3,742.18 |
| | 0000034332-IN | 3/1/2012 | 3/1/2012 | MGMT | 19,428.00 |
| | 0000034356-IN | 12/1/2011 | 12/1/2011 | INS | 28.06 |
| | 0000034356-IN | 1/1/2012 | 1/1/2012 | INS | 28.06 |
| | 0000034359-IN | 1/1/2012 | 1/1/2012 | INS | 444.23 |
| | 0000034379-IN | 3/1/2012 | 3/1/2012 | INT | 6,245.00 |
| | 0000034381-IN | 3/1/2012 | 3/1/2012 | NOTE | 5,000.00 |
| | 0000034453-IN | 3/7/2012 | 3/7/2012 | PR | 3,742.18 |
| | 0000034522-IN | 12/1/2011 | 12/1/2011 | FIN | 4,677.98 |
| | 0000034565-IN | 3/20/2012 | 3/20/2012 | PR | 3,742.18 |
| | 0000034637-IN | 4/1/2012 | 4/1/2012 | MGMT | 19,428.00 |
| | 0000034725-IN | 4/1/2012 | 4/1/2012 | INT | 6,208.00 |
| | 0000034727-IN | 4/1/2012 | 4/1/2012 | NOTE | 5,000.00 |
| | 0000034754-IN | 1/1/2012 | 1/1/2012 | FIN | 6,294.28 |
| | 0000034837-IN | 1/31/2012 | 1/31/2012 | FIN | 5,421.13 |
| | 0000034845-IN | 4/6/2012 | 4/6/2012 | PR | 3,742.18 |
| | 0000034979-IN | 4/18/2012 | 4/18/2012 | PR | 3,742.18 |
| | 0000035051-IN | 5/1/2012 | 5/1/2012 | MGMT | 19,428.00 |
| | 0000035081-IN | 4/23/2012 | 4/23/2012 | EXP | 86.66 |
| | 0000035154-IN | 5/1/2012 | 5/1/2012 | INT | 6,171.00 |
| | 0000035156-IN | 5/1/2012 | 5/1/2012 | NOTE | 5,000.00 |
| | 0000035191-IN | 5/7/2012 | 5/7/2012 | PR | 3,742.18 |
| | 0000035251-IN | 5/21/2012 | 5/21/2012 | PR | 3,742.18 |

| | | | | |
|---|---|---|---|---|
| 0000035298-IN | 6/1/2012 | 6/1/2012 | MGMT | 19,428.00 |
| 0000035321-IN | 6/1/2012 | 6/1/2012 | INT | 6,134.00 |
| 0000035323-IN | 6/1/2012 | 6/1/2012 | NOTE | 5,000.00 |
| 0000035364-IN | 5/29/2012 | 5/29/2012 | EXP | 129.99 |
| 0000035414-IN | 2/29/2012 | 2/29/2012 | FIN | 6,055.85 |
| 0000035684-IN | 4/2/2012 | 4/2/2012 | INS | 28.06 |
| 0000035689-IN | 4/2/2012 | 4/2/2012 | INS | 28.06 |
| 0000035690-IN | 4/2/2012 | 4/2/2012 | INS | 444.23 |
| 0000035691-IN | 4/2/2012 | 4/2/2012 | INS | 444.23 |
| 0000035692-IN | 6/22/2012 | 6/22/2012 | PR | 7,779.06 |
| 0000035743-IN | 4/2/2012 | 4/2/2012 | INS | 444.23 |
| 0000035745-IN | 5/1/2012 | 5/1/2012 | INS | 444.23 |
| 0000035797-IN | 4/1/2012 | 4/1/2012 | FIN | 6,480.00 |
| 0000035833-IN | 7/1/2012 | 7/1/2012 | MGMT | 19,428.00 |
| 0000035868-IN | 7/1/2012 | 7/1/2012 | INT | 6,097.00 |
| 0000035870-IN | 7/1/2012 | 7/1/2012 | NOTE | 5,000.00 |
| 0000035886-IN | 7/6/2012 | 7/6/2012 | PR | 5,087.81 |
| 0000035963-IN | 4/30/2012 | 4/30/2012 | FIN | 6,548.21 |
| 0000035979-IN | 7/18/2012 | 7/18/2012 | PR | 3,742.18 |
| 0000036085-IN | 5/31/2012 | 5/31/2012 | FIN | 6,280.05 |
| 0000036152-IN | 8/1/2012 | 8/1/2012 | MGMT | 19,428.00 |
| 0000036175-IN | 8/1/2012 | 8/1/2012 | INT | 6,360.00 |
| 0000036177-IN | 8/1/2012 | 8/1/2012 | NOTE | 5,000.00 |
| 0000036203-IN | 6/30/2012 | 6/30/2012 | FIN | 6,358.18 |
| 0000036246-IN | 8/9/2012 | 8/9/2012 | PR | 3,672.65 |
| 0000036310-IN | 8/20/2012 | 8/20/2012 | PR | 3,742.18 |
| 0000036398-IN | 8/15/2012 | 8/15/2012 | INS | 15.45 |
| 0000036499-IN | 9/1/2012 | 9/1/2012 | MGMT | 19,428.00 |
| 0000036519-IN | 9/1/2012 | 9/1/2012 | INT | 6,023.00 |
| 0000036521-IN | 9/1/2012 | 9/1/2012 | NOTE | 5,000.00 |
| 0000036541-IN | 9/5/2012 | 9/5/2012 | PR | 3,742.18 |
| 0000036519-IN | 9/19/2012 | 9/19/2012 | PR | 3,742.17 |
| 0000036711-IN | 9/27/2012 | 9/27/2012 | INS | 15.45 |
| 0000036736-IN | 8/31/2012 | 8/31/2012 | INS | 28.06 |
| 0000036738-IN | 8/31/2012 | 8/31/2012 | INS | 437.64 |
| 0000036740-IN | 9/28/2012 | 9/28/2012 | INS | 28.06 |
| 0000036743-IN | 9/28/2012 | 9/28/2012 | INS | 431.82 |
| 0000036791-IN | 10/1/2012 | 10/1/2012 | MGMT | 19,428.00 |
| 0000036810-IN | 10/1/2012 | 10/1/2012 | INT | 5,986.00 |
| 0000036812-IN | 10/1/2012 | 10/1/2012 | NOTE | 5,000.00 |
| 0000036844-IN | 10/5/2012 | 10/5/2012 | PR | 3,742.18 |
| 0000036954-IN | 10/19/2012 | 10/19/2012 | PR | 3,742.18 |
| 0000037050-IN | 11/1/2012 | 11/1/2012 | MGMT | 19,428.00 |
| 0000037057-IN | 11/1/2012 | 11/1/2012 | INT | 5,949.00 |
| 0000037059-IN | 11/1/2012 | 11/1/2012 | NOTE | 5,000.00 |
| 0000037095-IN | 11/7/2012 | 11/7/2012 | PR | 3,742.18 |
| 0000037150-IN | 10/31/2012 | 10/31/2012 | INS | 15.45 |
| 0000037247-IN | 7/31/2012 | 7/31/2012 | FIN | 7,067.42 |
| 0000037318-IN | 12/1/2012 | 12/1/2012 | MGMT | 19,428.00 |
| 0000037354-IN | 12/1/2012 | 12/1/2012 | INT | 5,912.00 |
| 0000037356-IN | 12/1/2012 | 12/1/2012 | NOTE | 5,000.00 |
| 0000037372-IN | 12/5/2012 | 12/5/2012 | PR | 3,742.18 |
| 0000037214-IN | 12/14/2012 | 12/14/2012 | INS | 15.45 |
| 0000037553-IN | 1/1/2013 | 1/1/2013 | MGMT | 19,428.00 |
| 0000037580-IN | 1/1/2013 | 1/1/2013 | INT | 5,875.00 |
| 0000037582-IN | 1/1/2013 | 1/1/2013 | NOTE | 5,000.00 |
| 0000037597-IN | 12/19/2012 | 12/19/2012 | PR | 3,742.18 |
| 0000037628-IN | 1/7/2013 | 1/7/2013 | PR | 3,742.18 |
| 0000037666-IN | 1/11/2013 | 1/11/2013 | INS | 15.45 |
| 0000037225-IN | 8/31/2012 | 8/31/2012 | FIN | 7,080.12 |
| 0000037733-IN | 1/18/2013 | 1/18/2013 | PR | 7,573.18 |
| 0000037793-IN | 2/1/2013 | 2/1/2013 | MGMT | 19,428.00 |
| 0000037852-IN | 2/1/2013 | 2/1/2013 | INT | 5,838.00 |
| 0000037854-IN | 2/1/2013 | 2/1/2013 | NOTE | 5,000.00 |
| 0000037890-IN | 9/30/2012 | 9/30/2012 | FIN | 8,333.21 |
| 0000037906-IN | 10/31/2012 | 10/31/2012 | FIN | 10,660.32 |
| 0000037913-IN | 2/6/2013 | 2/6/2013 | PR | 4,036.88 |
| 0000037975-IN | 2/20/2013 | 2/20/2013 | PR | 4,036.88 |
| 0000038016-IN | 2/26/2013 | 2/26/2013 | INS | 15.45 |
| 0000038108-IN | 3/1/2013 | 3/1/2013 | MGMT | 19,428.00 |
| 0000038131-IN | 3/1/2013 | 3/1/2013 | INT | 5,801.00 |
| 0000038133-IN | 3/1/2013 | 3/1/2013 | NOTE | 5,000.00 |
| 0000038160-IN | 3/6/2013 | 3/6/2013 | PR | 4,036.88 |
| 0000038264-IN | 11/30/2012 | 11/30/2012 | FIN | 9,567.16 |
| 0000038275-IN | 12/31/2012 | 12/31/2012 | INS | 1,295.46 |
| 0000038276-IN | 12/31/2012 | 12/31/2012 | INS | 84.18 |
| 0000038277-IN | 12/31/2012 | 12/31/2012 | INS | 16.76 |
| 0000038289-IN | 12/31/2012 | 12/31/2012 | FIN | 10,203.90 |
| 0000038349-IN | 3/20/2013 | 3/20/2013 | PR | 4,036.88 |
| 0000038387-IN | 1/31/2013 | 1/31/2013 | INS | 28.06 |

| Invoice | Date | Date | Type | Amount |
|---|---|---|---|---|
| 0000038438-IN | 4/1/2013 | 4/1/2013 | MGMT | 19,428.00 |
| 0000038450-IN | 4/1/2013 | 4/1/2013 | INT | 5,764.00 |
| 0000038452-IN | 4/1/2013 | 4/1/2013 | NOTE | 5,000.00 |
| 0000038531-IN | 3/29/2013 | 3/29/2013 | INS | 15.45 |
| 0000038548-IN | 4/9/2013 | 4/9/2013 | PR | 4,036.88 |
| 0000038613-IN | 3/31/2013 | 3/31/2013 | FIN | 10,753.86 |
| 0000038639-IN | 4/11/2013 | 4/11/2013 | INS | 15.45 |
| 0000038722-IN | 2/28/2013 | 2/28/2013 | FIN | 11,149.59 |
| 0000038739-IN | 4/19/2013 | 4/19/2013 | PR | 4,036.88 |
| 0000038764-IN | 3/1/2013 | 3/1/2013 | INS | 431.82 |
| 0000038765-IN | 3/1/2013 | 3/1/2013 | INS | 431.82 |
| 0000038789-IN | 3/31/2013 | 3/31/2013 | FIN | 12,034.83 |
| 0000038816-IN | 5/1/2013 | 5/1/2013 | MGMT | 19,428.00 |
| 0000038844-IN | 5/1/2013 | 5/1/2013 | INT | 5,727.66 |
| 0000038846-IN | 5/1/2013 | 5/1/2013 | NOTE | 5,000.00 |
| 0000038887-IN | 5/7/2013 | 5/7/2013 | PR | 4,036.88 |
| 0000038955-IN | 5/20/2013 | 5/20/2013 | PR | 4,036.88 |
| 0000039002-IN | 6/5/2013 | 6/5/2013 | PR | 4,036.88 |
| 0000039033-IN | 5/29/2013 | 5/29/2013 | INS | 15.28 |
| 0000039109-IN | 6/1/2013 | 6/1/2013 | MGMT | 19,428.00 |
| 0000039134-IN | 6/1/2013 | 6/1/2013 | INT | 5,680.00 |
| 0000039136-IN | 6/1/2013 | 6/1/2013 | NOTE | 5,000.00 |
| 0000039165-IN | 6/5/2013 | 6/5/2013 | EXP | 634.06 |
| 0000039189-IN | 6/10/2013 | 6/10/2013 | EXP | 123.33 |
| 0000039218-IN | 6/10/2013 | 6/10/2013 | INS | 15.45 |
| 0000039244-IN | 4/30/2013 | 4/30/2013 | FIN | 12,780.72 |
| 0000039327-IN | 6/25/2013 | 6/25/2013 | EXP | 228.28 |
| 0000039409-IN | 7/1/2013 | 7/1/2013 | INT | 5,653.00 |
| 0000039427-IN | 7/8/2013 | 7/8/2013 | PR | 4,036.88 |
| 0000039459-IN | 5/31/2013 | 5/31/2013 | FIN | 13,077.67 |
| 0000039508-IN | 6/30/2013 | 6/30/2013 | INS | 15.45 |
| 0000039523-IN | 6/30/2013 | 6/30/2013 | INS | 112.24 |
| 0000039528-IN | 6/30/2013 | 6/30/2013 | INS | 20.95 |
| 0000039732-IN | 6/30/2013 | 6/30/2013 | FIN | 13,446.21 |

**Unapplied Memos:**

| | | | | |
|---|---|---|---|---|
| 6311-NOTE-CM | 2/28/2005 | 2/28/2005 | NOTE | -22,991.97 |
| 0000011372-CM | 12/11/2006 | 12/11/2006 | PR | -329.09 |
| 0000036086-CM | 6/29/2012 | 6/29/2012 | INS | -58.39 |

**Unapplied Payments:**

| | | | | |
|---|---|---|---|---|
| | | | | -8.48 |

| | | | | |
|---|---|---|---|---|
| Customer | | | | 1,168,254.23 |

**Report Totals** 1,168,254.23