# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TATONKA CAPITAL CORPORATION, a Colorado corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOSAICA EDUCATION, INC., a Delaware corporation; MICHIGAN EDUCATIONAL FACILITIES, LLC, a Delaware limited liability company; ASI TEXAS, LLC, a Delaware limited liability company; EFA COMPANY, LLC, a Michigan limited liability company; LORAIN-LEAVITT PROPERTIES, LLC, a Georgia limited liability company; WARREN-ELM FACILITIES, LLC, a Georgia limited liability company; and COLUMBUS-MORSE PROPERTIES, LLC, a Georgia limited liability company,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO. 1:14-CV-03017-TCB** |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT WITH INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff Tatonka Capital Corporation, a Colorado corporation ("Tatonka"), by and through its undersigned counsel, and pursuant to Rules 12(b) and 12(e) of the Federal Rules of Civil Procedure, files this *Motion to Dismiss Defendants' Counterclaims or, in the Alternative, for More Definite Statement with Incorporated Memorandum of Law* and states as follows:

## INTRODUCTION

On May 3, 2015, Mosaica Education, Inc., Michigan Educational Facilities, LLC, ASI Texas, LLC, EFA Company, LLC, Lorain-Leavitt Properties, LLC, Warren-Elm Facilities, LLC, and Columbus-Morse Properties, LLC (collectively, "Borrowers") filed their *Answer to Complaint for Breach of Contract and for Appointment of a Receiver and Counterclaims* (hereinafter referred to as the "Counterclaim") by and through Gene Eidelman and Michael Connelly, as shareholders of the Defendants. (Dkt. No. 167).  We note that only two of the three shareholders have participated in this action.  Borrowers' Counterclaim contains four counts, none of which states a cause of action for which relief can be granted. Notwithstanding the six months the Borrowers had to prepare their Counterclaim, Borrowers' Counterclaim is an impermissible "shotgun" pleading, and the allegations are so disorganized that Tatonka cannot determine what claims are being brought or what facts are relevant to any particular claim. Therefore, this Court should dismiss Borrowers' Counterclaim for failure to state a claim for which relief can be granted or, in the alternative, require Borrowers to replead the Counterclaim with a more definite statement.

## ARGUMENT

### A.    Legal Standard

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *F.D.I.C. v. Whitley*, 2:12-CV-00170-WCO, 2012 WL

9494093, at *1 (N.D. Ga. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a). On a motion to dismiss, federal courts accept as true "all facts set forth in the plaintiff's complaint." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.12 (11th Cir. 2005). However, a plaintiff must furnish more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Whitley*, 2012 WL 9494093, at *1 (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "If a plaintiff fails to make sufficient allegations in his complaint such that an affirmative defense appears on its face, his complaint may be subject to dismissal under Rule 12(b)(6)." *Singleton v. Dep't of Corr.*, 277 Fed. App'x 921, 923 (11th Cir. 2008).

## B.   Borrowers' Counterclaims Should Be Dismissed

### 1.   Count One Should Be Dismissed for Failure to State a Cause of Action.

Count One of Borrowers' Counterclaim contains no factual allegations. The first paragraph of Count One merely incorporates Borrowers' allegations of venue and jurisdiction, and the second paragraph states, in its entirety: "[Tatonka] has breached its duty of good faith and fair dealing with regard to its transactions with [Borrowers]." Counterclaim ¶¶ 4-5. The third paragraph also alleges no facts, and instead simply concludes that Borrowers are entitled to recover from Tatonka.

Counterclaim ¶ 6. These bare-bones statements are insufficient. *See Twombly*, 550 U.S. at 555.

All of the contracts between Tatonka and Borrowers are governed by Colorado law. *See, e.g.*, Amended and Restated Credit Agreement § 8.5, Exhibit Evidentiary Submission #2, Dkt. No. 4. Under Colorado law, a claim for breach of an implied duty of good faith and fair dealing cannot exist independently of a claim for breach of contract, but Borrowers do not identify which of the numerous contracts between the parties is or are the contracts that are relevant to this cause of action. *See Beal Corp. Liquidating Trust v. Valleylab, Inc.*, 927 F. Supp. 1350, 1364 (D. Colo. 1996) ("Colorado law implies a duty of good faith and fair dealing on both parties to a contractual arrangement. The underlying contract, however, must be valid for the implied duty of good faith and fair dealing to adhere to the relationship.") (internal citation omitted).

Borrowers also do not allege to which of the Borrowers Tatonka owed a duty or which of Tatonka's acts breached that duty. Similarly, Borrowers fail to allege that Borrowers suffered any damages. Instead, Count One offers merely "labels and conclusions" and is legally insufficient to state a cause of action. *See Iqbal*, 556 U.S. at 678. Therefore, this Court should dismiss Count One of the Counterclaim.

2.      **Count Two Should Be Dismissed for Failure to State a Cause of Action.**

Count Two suffers from four pleading defects: (1) it fails to plead all the elements of a cause of action; (2) it commingles different causes of action in a single count; (3) the allegations are barred by the "law of the case" doctrine; and (4) part of the claim is not a ripe case or controversy. This section addresses each defect in turn.

a.      **Failure to plead damages**

The main allegations in Count Two are that Tatonka's disposition of certain promissory notes was commercially unreasonable. Counterclaim ¶ 15. As the contracts at issue are governed by Colorado law, a review of Colorado's version of the Uniform Commercial Code (the "UCC") shows that the remedy for a commercially unreasonable disposition of collateral is monetary damages. Colo. Rev. Stat. § 4-9-625(b). In order to plead a cause of action under Colo. Rev. Stat. § 4-9-625(b), damages must be asserted and alleged. However, Borrowers have failed to allege any request for damages and therefore fail to state this cause of action in full. Instead, Borrowers request that the Court prohibit Tatonka from recovering any amounts from Borrowers on Tatonka's claim against Borrowers. Counterclaim ¶ 16. This is not a request for damages and is insufficient to support a claim of unreasonable disposition of collateral.

### b.     Commingling different causes of action in a single count

Count Two commingles unrelated issues and causes of action into a single, confusing count. Count Two appears to be both a claim of unreasonable disposition of collateral and a request for a declaratory judgment that Tatonka has been paid in full. These are two very different concepts, and pleading them together is improper. This commingling of different causes of action within a single count violates Rule 8(a)'s requirement of a "short and plain statement" and Rule 10(b)'s requirement of stating separate claims in separate counts. *See* Fed. R. Civ. P. 8(a), 10(b). Allowing Borrowers to litigate Count Two, as currently written, will waste the time and resources of the parties and the Court as they attempt to determine what cause or causes of actions the Borrowers have actually alleged. *See Medrando v. CTX Mortg. Co., LLC*, 2012 WL 2931293, at *3 (M.D. Fla. 2012) (dismissing claim for wrongful foreclosure where "Plaintiff sets forth a litany of allegations, which do not provide Defendants with notice 'as to the claim[s] being asserted against [them]' and the grounds on which these claims rest") (quoting *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 (11th Cir. 1997)); *Freitag v. Edgar*, 93 C 2088, 1994 WL 10010, at *3 (N.D. Ill. 1994) (dismissing complaint where plaintiff attempted to allege multiple causes of action in a single count, with the result that "the allegations of the complaint are so lacking in precision and clarity that the defendants were not able to divine the nature of all of the plaintiffs' claims"). As

Count Two improperly commingles two different legal theories in a single confusing count, Count Two should be dismissed.

### c.    The "law of the case" doctrine bars Count Two

The remedy that Borrowers request--seeking to establish that Tatonka has already been paid in full--is barred by the "law of the case" doctrine. "When a court issues final rulings in a case, the 'law of the case' doctrine generally requires the court to follow its prior relevant rulings." *Giampapa v. Am. Family Mut. Ins. Co.*, 64 P.3d 230, 243 (Colo. 2003). In its May 14, 2015 order (the "Order"), this Court held that "Tatonka is entitled to 100% of the proceeds from the sale of the Columbus, Ohio property." Order, p. 6.  The Court based this ruling on its finding that Tatonka had not been paid in full by the assignment of the promissory notes to GGG Partners, LLC, in its capacity as the receiver for the assets and business operations of each of the Borrowers ("Receiver"). Order, p. 6. Borrowers' request that Tatonka be deprived of any recovery on the underlying obligations on account of the alleged value of the notes is directly contrary to the Order. Therefore, Count Two conflicts with the law of this case and should be dismissed.

### d.    Part of Count Two is not a ripe case or controversy

In paragraph 14, Borrowers allege: "[Tatonka] has apparently agreed with the Receiver that all but one of the notes/accounts receivable assigned to Plaintiff in February and April of 2014 will be forgiven without any credit to [Borrowers'

indebtedness." Counterclaim ¶ 14. Borrower then claims that this prospective debt forgiveness is somehow actionable.  This part of Count Two, however, is not ripe. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Williams v. Martin*, 283 F. Supp. 2d 1286, 1292 (N.D. Ga. 2003) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Borrowers allege only that Tatonka "has apparently agreed" that part of the obligation "will be forgiven." Counterclaim ¶ 14. Whatever Tatonka might do later is a "contingent future event[] that may not occur as anticipated, or indeed may not occur at all." *See Williams*, 283 F. Supp. 2d at 1292. Claims that are not ripe do not present an actual "case or controversy," and federal courts lack subject matter jurisdiction to hear them. *See Ubiquitous Entm't Studios, LLC v. McPherson Implementing Local Redev. Auth.*, 2014 WL 5019937, at *2 (N.D. Ga. 2014) ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes.") (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005)). Therefore, to the extent that Count Two alleges a claim that is not ripe, this Court lacks jurisdiction and should dismiss this Count.

### 3. Count Three Should Be Dismissed for Failure to State a Cause of Action.

Count Three attempts to plead a cause of action for tortious interference with business relationships or contractual relationships. However, Borrowers fail to

plead where Tatonka's allegedly wrongful conduct occurred. The parties do business in several states, and without additional allegations, it is not possible for Tatonka or the Court to determine which state's law governs this count. *Bradham v. Randolph Trucking Co., Inc.*, 775 F. Supp. 395, 397 (11th Cir. 1992) ("In diversity cases, the choice-of-law rules of the forum state determine which state's substantive law applies."). Georgia is the forum state, and under Georgia choice-of-law rules, tort cases "are governed by the rule of *lex loci delicti*, which requires application of the substantive law of the place where the tort or wrong occurred." *Carroll Fulmer Logistics Corp. v. Hines*, 710 S.E.2d 888, 890 (Ga. 2011). Because the allegations in Count Two do not indicate "the place where the tort or wrong occurred," Tatonka and the Court cannot even determine whether Borrowers have pled the required elements of this cause of action. *See Carroll Fulmer Logistics Corp.*, 710 S.E.2d at 890.

Additionally, Count Three fails to even plead the minimum elements of a cause of action for tortious interference with business relations. To plead this cause of action under Georgia law, Borrowers would have to plead that Tatonka: "(1) acted improperly and without privilege; (2) purposefully, with malice, and with intent to injure, (3) induced a third party or parties not to enter into or continue a business relationship with [Borrowers], and (4) [Borrowers] suffered some

financial injury as a result." *Servicetrends, Inc. v. Siemens Med. Sys., Inc.*, 870 F. Supp. 1042, 1068 (N.D. Ga. 1994).

Count Three states only that Tatonka "falsely represented facts and circumstances" and that "false statements were published or issued by Plaintiff." Counterclaim ¶¶ 18-19. This allegation provides little clue as to Tatonka's allegedly tortious act or acts. Without any hint as to the nature of the statements that Tatonka allegedly made or the person or persons to whom Tatonka allegedly made them, it is impossible to know whether Tatonka acted "improperly and without privilege." *See Servicetrends*, 870 F. Supp. at 1068.

Borrowers also allege that Tatonka interfered with Borrowers' "clients and potential clients, employees, regulatory authorities, current and potential suppliers of funding, strategic partners and others . . . ." Counterclaim ¶ 18. This allegation is so broad as to be meaningless. By stating that Tatonka interfered with every possible relationship that Borrowers might have, Borrowers fail to allege enough facts to put Tatonka on notice of the grounds upon which Borrowers' claim rests. *See Twombly*, 550 U.S. at 555.

Additionally, Borrowers fail to plead that they "suffered some financial injury as a result." *See Servicetrends*, 870 F. Supp. at 1068. Count Three describes the result as "disastrous, anticipated, and intended," but provides no other

indication of whether or how Tatonka's alleged acts damaged Borrowers. Counterclaim ¶ 19.

Without even these most basic details, the allegations are not "enough to raise a right to relief above the speculative level," and Tatonka cannot know whether it should deny the allegations or plead an affirmative defense. *Twombly*, 550 U.S. at 555. Therefore, this Court should dismiss Count Three.

**4.    Count Four Should Be Dismissed for Failure to State a Cause of Action.**

In contrast to Count One, which contains no factual allegations whatsoever, Count Four presents a barrage of confusing, unrelated allegations. Count Four is also unlabeled, and Tatonka, despite its best efforts, has no idea what legal theory for relief is being sought. Count Four begins by stating that Tatonka reneged on a promise, but it does not indicate that Borrowers provided any consideration for this promise, so it is unclear if this is meant to be a claim for breach of contract. Counterclaim ¶ 23. The next three paragraphs seem to attempt to make an unrelated case for misrepresentation, but those elements are not pled in full. Counterclaim ¶¶ 24-27. The next paragraph alleges that Tatonka made false statements to Borrowers' clients and potential clients. Counterclaim ¶ 28. It is not clear whether this is meant to be a claim for tortious interference, defamation, misrepresentation, or something else, or whether it is somehow meant to be an

element of the other causes of action that Borrowers appear to be pleading in this count.

Similar to the allegations in Count Two, Borrowers have made it impossible to determine what cause of action, if any, they are pleading in Count Four, and therefore Count Four should be dismissed. *Carvel v. Godley*, 404 Fed. App'x 359, 361 (11th Cir. 2010) (approving dismissal of what district court characterized as a "rambling narrative that commingles multiple causes of action in every count, incorporates all preceding allegations into every count, and fails to put [the defendant] on notice of her allegedly wrongful conduct . . . ."); *Ellis v. State of Ill.*, 91 C 8391, 1992 WL 332293, at *2 (N.D. Ill. 1992) (dismissing complaint because "[i]t sets forth a myriad of federal and state constitutional, statutory and common law claims, all in one count" and "there are at least three sets of factual allegations which plaintiffs contend give rise to various legal claims, but which also appear in a single count"). In fact, similar to Count Three, Count Four contains so few facts and details that it is virtually impossible to determine which state's law would even govern once the actual cause of action being asserted is finally revealed. Therefore, because Count Four fails to state a claim for which relief can be granted and improperly commingles multiple causes of action, this Court should dismiss Count Four.

**5.    Counts Two through Four Are Impermissible Shotgun Pleadings.**

A "shotgun" pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). The Eleventh Circuit's disapproval of shotgun pleadings is vocal and well-documented. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."). The remedy for a shotgun pleading is requiring the pleader to file a more definite statement. *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); Fed. R. Civ. P. 12(e).

Borrowers' Counterclaim "is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson*, 77 F.3d at 366 (internal citations omitted). Three paragraphs precede Count One, which incorporates those paragraphs and adds three more. Count Two incorporates all previous paragraphs and adds ten more. Count Three also incorporates all previous paragraphs and adds five more. Count Four incorporates all previous paragraphs and adds eight more. The

Counterclaim makes no attempt to specify which of the realleged facts and legal conclusions are relevant to any particular claim.

The end result is that Tatonka and the Court must sift through all the paragraphs in the Counterclaim to determine which allegations are potentially relevant to which count. Allowing this case to go forward on the basis of the Counterclaim, as currently pled, would "inexorably broaden[] the scope of discovery" that Tatonka and Borrowers must conduct, "much of which may be unnecessary." *Davis*, 516 F.3d at 981-82. Therefore, to the extent the Counterclaims are not dismissed, the Court should require Borrowers to replead the Counterclaim.

**WHEREFORE**, Plaintiff Tatonka Capital Corporation respectfully requests that the Court grant Tatonka's *Motion to Dismiss Defendants' Counterclaims or, in the Alternative, for More Definite Statement with Incorporated Memorandum of Law* and provide such other relief as is just and necessary.

Respectfully submitted, this 21st day of May, 2015.

s/Graham H. Stieglitz
Michael L. Hall (PHV)
Graham H. Stieglitz
Georgia Bar No. 682047

Attorneys for Plaintiff
TATONKA CAPITAL
CORPORATION

**OF COUNSEL:**

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000
Email:  gstiegli@burr.com
          mhall@burr.com

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing *Motion to Dismiss Defendants'*

*Counterclaims or, in the Alternative, for More Definite Statement with*

*Incorporated Memorandum of Law* has been prepared with Times New Roman,

14-point font, one of the font and point selections approved by the Court in LR 5.1.

s/Graham H. Stieglitz

Michael L. Hall (PHV)

Graham H. Stieglitz (Ga. Bar #682047)

Attorneys for Plaintiff
TATONKA CAPITAL
CORPORATION

BURR & FORMAN LLP
171 17th Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on May 21st, 2015:

| | |
|---|---|
| Mosaica Education, Inc.<br>3400 Peachtree Road , Suite 550<br>Atlanta, GA 30326 | Internal Revenue Service<br>401 W. Peachtree Street NW<br>Atlanta, GA  30308 |
| J. Robert Williamson, Esq.<br>J. Hayden Kepner, Esq.<br>Scroggins & Williamson, P.C.<br>1500 Candler Building<br>127 Peachtree Street, N.E.<br>Atlanta, GA 30303<br>rwilliamson@swlawfirm.com<br>hkepner@swlawfirm.com | Katie S. Goodman, Receiver<br>GGG Partners, LLC<br>5883 Glenridge Drive NE<br>Suite #160<br>Atlanta, GA  30328 |
| Ashley S. Thompson<br>Kevin A. Stine<br>Baker, Donelson, Bearman,<br>Caldwell & Berowitz, PC<br>Suite 1600, Monarch Plaza<br>3414 Peachtree Road, N.E.<br>Atlanta, GA  30326<br>kstine@bakerdonelson.com<br>athompson@bakerdonelson.com | James C. Cifelli<br>Managing Partner<br>Lamberth, Cifelli, Ellis & Nason,<br>P.A.<br>Atlanta Financial Center<br>3343 Peachtree Road NE<br>Suite 550<br>East Tower<br>Atlanta, Georgia 30326 |
| Ernest L. Greer<br>John D. Elrod<br>Greenberg Traurig<br>Terminus 200<br>3333 Piedmont Road, Suite 2500<br>Atlanta, GA  30305 | Internal Revenue Service Centralized<br>Insolvency<br>P.O. Box 7346<br>Philadelphia, PA  19101-7317 |

Michael H. Schroder
Swift Currie McGhee & Hiers
Suite 300
1355 Peachtree Street, NE
Atlanta, GA  30309
Mike.schroder@swiftcurrie.com

Ethan H. Cohen
Ballard Spahr LLP-Atl
Suite 1000
999 Peachtree Street
Atlanta, GA 30309
cohene@ballardspahr.com

Dana Brent Miles
Miles Hansford & Tallant, LLC
202 Tribble Gap Road
Suite 200
Cumming, GA 30040
dmiles@mhtlegal.com

Craig S. Ganz
Ballard Spahr LLP
1 East Washington Street
Phoenix, AZ 85004-2555

Jonathan R. Secrest
Dickinson Wright, PLLC-OH
150 E. Gay Street
Columbus, OH 43215

s/Graham H. Stieglitz
Michael L. Hall (PHV)
Graham H. Stieglitz (Ga. Bar #682047)
Michael L. Hall (PHV)

Attorneys for Plaintiff
TATONKA CAPITAL CORPORATION

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000