IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TATONKA CAPITAL CORPORATION,<br><br>               Plaintiff,<br><br>      v.<br><br>MOSAICA EDUCATION, INC.; MICHIGAN EDUCATIONAL FACILITIES, LLC; ASI TEXAS, LLC; EFA COMPANY, LLC; LORAIN-LEAVITT PROPERTIES, LLC; WARREN-ELM FACILITIES, LLC; AND COLUMBUS-MORSE PROPERTIES,<br><br>               Defendants. | Civil Action No: 1:14-cv-03017-TCB |

## OBJECTION TO RECEIVER'S SUPPLEMENTAL MOTION TO APPROVE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEFENDANTS, INCLUDING REAL ESTATE

Spirit Master Funding II, LLC ("Spirit") hereby objects to the "Receiver's Supplemental Motion to Approve Sale of Substantially all of the Assets of the Defendants, Including Real Estate" [Dkt. 185] (the "Second Sale Motion") filed by GGG Partners, LLC (the "Receiver") on May 21, 2015.  Under the Second Sale Motion, the Receiver proposes to sell substantially all of the assets of Mosaica

Education, Inc. ("Mosaica") and certain of its subsidiaries to Tatonka Capital Corporation ("Tatonka").   A hearing on the Second Sale Motion is set for Wednesday, May 27, 2015.  Spirit has only recently appeared in this matter on a limited basis; however, as Spirit presently understands the considerations regarding the Second Sale Motion, it objects on the following grounds:

1.      **THE SECOND SALE MOTION DIRECTLY IMPACTS SPIRIT'S ABILITY TO PURSUE THE ARIZONA JUDGMENT AND NEW YORK COLLECTION EFFORTS.**

As the Court is aware from its Order dated April 28, 2015 [Dkt. 160], the Receiver was estopped from preventing Spirit from pursuing certain actions.  On January 29, 2013, the United States District Court for the District of Arizona entered a default judgment against Defendants-to-this-action Mosaica and EFA and against ECE Company, LLC—which is not a party to this Receivership Action but is another of Mosaica's subsidiaries—for breach of promissory note, settlement agreement, and guaranties (the "Arizona Judgment"). *See "Default Judgment," Spirit Master Funding II, LLC v. Mosaica Education, Inc.; ECE Company, LLC; and EFA Company, LLC*, No. 2:12-cv-02581-PHX-NVW (D. Ariz. Jan. 29, 2013) [Dkt. 17].  The Arizona Judgment awarded Spirit monetary damages and post-judgment interest and costs in excess of $2,000,000.

The Arizona Judgment was registered in the State of New York on March 7, 2013 (*see* "Transcript of Judgment," attached as **Exhibit 4**), and post-judgment collection efforts are currently underway in New York under an action styled as *Spirit Master Funding II, LLC v. Mosaica Education, Inc.; ECE Company, LLC; and EFA Company, LLC*, No. 13-cv-0457 (N.Y. Sup. Ct., Cnty. of New York) (the "New York Collection Efforts").  The registration of the Arizona Judgment created a security interest held by Spirit in assets of Mosaica held in the State of New York.

The New York Collection Efforts have targeted funds held in bank accounts in New York, namely at Citibank, HSBC, and Wells Fargo.  Plaintiff-to-this Receivership-Action Tatonka has interfered with Spirit's efforts to execute on assets at Wells Fargo.  According to Tatonka, it has "priority" to the Wells Fargo funds because Mosaica transferred to Tatonka an interest in the Wells Fargo funds.  But, review of the documents on which Tatonka relies in support of its claim of "priority" demonstrates that Mosaica's transfer to Tatonka was a fraudulent conveyance, made without adequate consideration or good faith, that should be set aside.[1]  This Court, by and through the April 28, 2015 Order, allowed Spirit to

---

[1] The Receiver has also impeded Spirit's efforts to evict Education Properties Company, LLC (an entity that is not a party to this Receivership Action) in an eviction proceeding in Alpena, Michigan styled as *Spirit Master Funding II, LLC v. Bingham Academy*, No. 14-0124

continue these proceedings in New York to ascertain the priority of its secured interest as adverse to those purportedly held by Tatonka.

Although Tatonka's primary consideration as provided in the Second Sale Motion purportedly will be a credit bid for certain property, due to the opacity in the sale process, it is not entirely clear if the proposed sale will impact Spirit's ability to execute on assets held at Citibank, HSBC, and Wells Fargo. To be sure, Tatonka, the purchaser of the assets, has previously interfered with Spirit's ability to execute on assets at Wells Fargo. While the proposed sale to Tatonka purportedly does not include a cash component, Spirit attempted to contact the Receiver's counsel to confirm that the proposed sale does not impact Spirit's New York Collection Efforts and Receiver's counsel was unable to do so. Because the Second Sale Motion is vague on this point, the letter of intent ("LOI") is unclear, and Receiver's counsel could not confirm the status of funds that form the basis of the New York Collection Efforts, either the asset purchase agreement ("APA")

---

(State of Michigan, 88th Judicial District Court) (the "Michigan Eviction Action"). Michael Schroder, of Swift Currie McGhee & Heirs, represents Spirit in connection with the Michigan Eviction Action. On April 17, 2015, Mr. Schroder filed an Emergency Motion for Confirmation that Receivership Order Does Not Bar Eviction Action or Apply to Possession of Michigan Real Proper Owned by Non-Creditor Spirit Master Funding II, LLC. *See* Dkt. 139. Accordingly, issues pertaining to the Michigan Eviction Action are not addressed in this Motion.

must be produced for review by this Court and parties-in-interest, or the sale should be rejected outright until the issue can be resolved.

**2.      THE SECOND SALE MOTION SHOULD BE DENIED AS PREMATURE BECAUSE THE RECEIVER HAS FAILED TO PRODUCE A BINDING ASSET PURCHASE AGREEMENT.**

Spirit, like the other parties-in-interest in this case, objects to the proposed sale on the grounds that it cannot reasonably evaluate the sale absent reviewing an APA.  Without an APA to review, it is entirely possible that the final terms of the ultimate proposed sale to Tatonka will largely differ from the current terms, as stated in the LOI.  Spirit thus cannot properly determine if the proposed sale will negatively impact its rights if the terms of the transaction in its current form might change dramatically before a final APA is agreed upon by the seller and buyer. There is simply no way for Spirit to know how the ultimate sale transaction will affect Spirit's rights without a fully-executed APA.  As such, the proposed sale is premature and should be denied until, at a minimum, the Receiver produces and files a fully-executed APA for this Court and all the parties-in-interest to review. Again, this LOI is silent on Tatonka taking the assets free and clear of any liens, something that may also impact Spirit.  Consequently, it is respectfully requested that this Court compel the Receiver to produce a final APA for the creditors to

review, evaluate, and potentially object to, prior to making any ruling on the Second Sale Motion.

3.   **THE SECOND SALE MOTION MAKES ABSOLUTELY NO MENTION THAT THE ASSETS WILL BE SOLD FREE AND CLEAR OF ALL CLAIMS, LIENS AND INTEREST.  THE ONLY VAGUE REFERENCE CAN BE FOUND OUTSIDE OF THE SECOND SALE MOTION ITSELF AND BURIED IN A "NOTICE OF HEARING" FILED BY THE RECEIVER ON APRIL 21, 2015 [DKT. 153].**

The Second Sale Motion makes absolutely no reference to the purchaser receiving the assets unencumbered.  Equally important, the Second Sale Motion does not articulate any basis the Receiver, or this Court may have to strip valid liens of creditors in order to effectuate a sale of substantially all of the assets, especially based off of nothing more than a $23,500,000 LOI.  If the Receiver truly seeks to strip creditors of their valid lien rights and sell the assets unencumbered through the Second Sale Motion its must, but cannot, demonstrate for this Court that this is a procedurally proper method to dispose of assets.

4.   **BY ATTEMPTING TO SELL THE ASSETS FREE AND CLEAR RECEIVER IS ESSENTIALLY ATTEMPTING TO END-AROUND A PROPER BANKRUPTCY CODE SECTION 363 SALE AND THE COURT SHOULD NOT PERMIT SUCH AN ACTION TO OCCUR.**

If the Receiver would like to sell assets free and clear, then it must follow the proper procedural steps by first filing a petition for bankruptcy and second noticing a proper sale under 11 U.S.C. § 363 so the creditors can appear, and if

necessary, object to such a sale.  Currently, the Receiver is attempting to sell over

$23,500,000 worth of property with a vague and ambiguous LOI.  This is not the

type of method or procedural set of safeguards that should be in place to protect

creditors.  Instead, it is an attempt to rush the process to the direct detriment of

Spirit and other creditors.

For the reasons set forth above, Spirit respectfully requests that the Court

deny the Second Sale Motion at this juncture, and compel the Receiver to produce

an APA in order to protect Spirit's interests and the interests of other creditors.

Respectfully submitted this 27th day of May, 2015.

BALLARD SPAHR LLP

  /s/ Craig S. Ganz
Ethan H. Cohen (GA Bar 173745)
cohene@ballardspahr.com
Keisha O. Coleman (GA Bar 844720)
colemank@ballardsphar.com
999 Peachtree Street, Suite 1000
Atlanta, Georgia  30309-3915
T: 678.420.9300   F: 678.420.9301

AND

Craig S. Ganz
(appearing pro hac vice)
ganzc@ballardspahr.com
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555
T: 602.798.5400   F: 602.798.5595

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing with the

Clerk of Court via the CM/ECF system, which will automatically send notification

to all attorneys of record.

This 27th day of May, 2015.

BALLARD SPAHR LLP

_/s/ Tasha M. Hart_

Tasha M. Hart
*Legal Administrative Assistant*
1 East Washington Street, Suite 2300
Phoenix, Arizona 85004-2555