IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TATONKA CAPITAL CORPORATION, a Colorado corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MOSAICA EDUCATION, INC., a Delaware corporation; MICHIGAN EDUCATIONAL FACILITIES, LLC, a Delaware limited liability company; ASI TEXAS, LLC, a Delaware limited liability company; EFA COMPANY, LLC, a Michigan limited liability company; LORAIN-LEAVITT PROPERTIES, LLC, a Georgia limited liability company; WARREN-ELM FACILITIES, LLC, a Georgia limited liability company; and COLUMBUS-MORSE PROPERTIES, LLC, a Georgia limited liability company,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:14-CV-03017-TCB |

### ORDER AND FINAL JUDGMENT APPROVING SALE OF SUBSTANTIALLY ALL RECEIVERSHIP ASSETS TO TATONKA

Consistent with its Findings of Fact and Conclusions of Law entered contemporaneously herewith, it is hereby Ordered, Adjudged,

and Decreed as follows:[1]

1. For good cause shown, all motions and requests for further continuances of the hearing on the Second Sale Motion are denied.

2. The Second Sale Motion [185]—as amended in open court to change the Credit Bid Price to $21.8 million and remove commercial tort claims from the assets being sold—is approved in all respects. Tatonka has informed and filed with the Court a Second LOI executed by Pansophic through which agreement Pansophic will immediately purchase some of the Property either from Tatonka or directly from the Receiver as Tatonka's designee.

3. The Second Sale Motion is GRANTED. A sale substantially consistent with Tatonka's Credit Bid—including the sale of some of the Property to Pansophic—is hereby APPROVED.

4. The Receiver is authorized and directed to sell to Tatonka, its designess, and/or other replacement purchasers all of the

---

[1] Capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the findings of fact and conclusions of law entered contemporaneously with this Order and Judgment.

      Purchased Assets, which consist of all of the Property other than the Retained Assets (as defined in the contemporaneously entered findings and conclusions), on terms reasonably consistent with those of Tatonka's Credit Bid of $21.8 million (collectively, the **"Authorized Sales"**). The Authorized Sales may include usual and customary terms associated with receiver or trustee sales.

5. All objections to the Initial Sale Motion and Second Sale Motion are overruled, including each of those filed by the Shareholders, CXA, Spirit and Reliant, except that the Shareholders' objection to the sale of counterclaims against Tatonka is sustained. To the extent Tatonka initially gave only conditional support to the Receiver's proposed sale, *see* [165], any objections by Tatonka are overruled as moot.

6. As of March 31, 2015 the Defendants owed Tatonka $22,999,855.37. In addition, Defendants also owe Tatonka interest, attorneys' fees, and other contract charges accruing after that date, less any payments received after that date (the **"Mosaica Indebtedness"**). If and to the extent it is later

3

determined that Tatonka's secured claim was less than $21.8 million, the Court will fashion appropriate relief.

7. Upon closing of the Authorized Sales, Defendants shall be entitled to a credit against the Mosaica Indebtedness equal to the following amount: $21.8 million minus all (i) Authorized Sale closing costs, (ii) professional fees of Receiver, Receiver's legal counsel and investment banker (Huron), and (iii) funds advanced to Defendants to pay payroll costs for pre-closing periods, in each case to the extent they are paid by or on behalf of Tatonka or its assignees or designees.

8. The Receiver has the full authority and power, without further approval from the Court, to consummate the Authorized Sales.

9. All interested parties to this litigation shall take all reasonable and appropriate steps to assist the Receiver in closing the Authorized Sales as soon as possible.

10. The terms and provisions of this Order shall be binding in all respects upon all persons asserting a lien, judgment, claim,

encumbrance or other interest in any and all of the assets being sold. This Order shall be binding in all respects upon the Receiver, the Defendants, the Internal Revenue Service, any creditors of the Defendants, and any other parties in interest.

11. Except as specifically provided in the Tatonka Credit Bid, or in a subsequent asset purchase agreement executed by the parties, neither Tatonka, its designees, nor any other alternate purchaser, nor any of their respective officers, directors, agents, professionals, affiliates or assigns, shall incur, assume, or acquire any liabilities or any obligations of the Receiver or any of the Companies (or any of their subsidiaries) that arose from or relate to transactions, occurrences or events that took place prior to the initial closing date of the Authorized Sales, and all persons and entities are specifically and permanently enjoined from commencing or continuing any actions seeking to establish or collect on any such alleged liabilities; provided, however, that Tatonka will pay any and all closing costs, related

expenses, and all reasonable fees and expenses of the Receiver and its professionals to the extent they are not paid from the receivership estate.

12. The Purchased Assets sold through the Authorized Sales shall be free and clear of all liens, claims, interests, encumbrances (including any and all claims of the Internal Revenue Service), which shall be transferred to the sale proceeds of the Authorized Sales in the same order, priority, and extent to which they previously attached to the assets being sold. All parties retain their liens, claims, interests, and encumbrances against the Defendants and the assets not being sold, except to the extent they receive proceeds from the Authorized Sales.

13. The sale of the Purchased Assets was proposed and negotiated in good faith. The transactions contemplated by the Second Sale Motion are undertaken in good faith. The consideration provided by Tatonka is fair and reasonable and is the best offer for the Purchased Assets.

14. The Receiver and its partners, employees, agents, and

professionals are hereby deemed released of any liability to any person or entity in connection with their duties and actions in connection with the negotiation of the Authorized Sales and with the consummation of the Authorized Sales on the terms approved by this Court. All persons and entities are specifically and permanently enjoined from commencing or continuing any actions against the Receiver, its partners, employees, agents or professionals seeking to establish or collect on any such alleged liabilities.

15. The provisions of this Order are non-severable and mutually dependent on each other.

16. The Defendants, through the Receiver, retain ownership of causes of action that the Defendants may have against their officers and directors, and any insurance rights in connection therewith, all commercial tort claims against anyone, all counterclaims against Tatonka (even those sounding in contract), and the other Retained Assets.

17. The Court reserves and retains jurisdiction to interpret, clarify, and enforce any aspect of this Order or any other

dispute that may arise relating to the receivership or the Receiver's consummation of the Authorized Sales.

18. The Receiver is directed to close the Authorized Sales as soon as possible. The Receiver continues to have the discretion to make changes to the terms of the Authorized Sales without need for further Court approval so long as any such changes do not substantially alter the sales price or the assets being sold.

19. There is no just reason for delay, and there is a need for an expedited closing of the Authorized Sales, so this Order shall become effective and may be acted upon immediately upon its entry. *See* FED. R. CIV. P. 62(a).

20. The Court expressly determines that there is no just reason for delay and hereby enters this Order as a final judgment. FED. R. CIV. P. 54(b).

IT IS SO ORDERED this 11th day of June, 2015.

_____
Timothy C. Batten, Sr.
United States District Court Judge