IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TATONKA CAPITAL CORPORATION, a Colorado corporation, <br><br> Plaintiff, <br><br> v. <br><br> MOSAICA EDUCATION, INC., a Delaware corporation; MICHIGAN EDUCATIONAL FACILITIES, LLC, a Delaware limited liability company; ASI TEXAS, LLC, a Delaware limited liability company; EFA COMPANY, LLC, a Michigan limited liability company; LORAIN-LEAVITT PROPERTIES, LLC, a Georgia limited liability company; WARREN-ELM FACILITIES, LLC, a Georgia limited liability company; and COLUMBUS-MORSE PROPERTIES, LLC, a Georgia limited liability company, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:14-CV-03017-TCB |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS OR, IN THE <u>ALTERNATIVE, FOR MORE DEFINITE STATEMENT</u>**

COMES NOW Plaintiff, Tatonka Capital Corporation, a Colorado corporation ("Tatonka"), by and through its undersigned counsel, and files this Reply to *Defendants' Response to Plaintiff's Motion to Dismiss Defendants' Counterclaims or, in the Alternative, for More Definite Statement* (the "Response") (Dkt. No. 196) filed by Mosaica Education, Inc.; Michigan Educational Facilities,

LLC; ASI Texas, LLC; EFA Company, LLC; Lorain-Leavitt Properties, LLC; Warren-Elms Facilities, LLC; and Columbus-Morse Properties, LLC (collectively, the "Borrowers") by and through Gene Eidelman and Michael Connelly, as shareholders of the Borrowers, and, in support, Tatonka states as follows:

## BRIEF INTRODUCTION

On September 19, 2014, Tatonka initiated the instant action by filing its *Complaint for Breach of Contract and for Appointment of a Receiver* (the "Complaint"). (Dkt. No. 1). The Borrowers responded on May 3, 2015 by filing their *Defendants' Answer to Complaint for Breach of Contract and for Appointment of a Receiver and Counterclaims* (the "Answer" or the "Counterclaim"). (Dkt. No. 167). On May 21, 2015, Tatonka filed its *Plaintiff's Motion to Dismiss Defendants' Counterclaims or, in the Alternative, for More Definite Statement with Incorporated Memorandum of Law* (the "Motion to Dismiss"). (Dkt. No. 184). The Borrowers filed their Response on June 4, 2015.

The Response admits that Count One of the Counterclaim contains no factual allegations and incorrectly argues that all factual allegations in the entire Counterclaim and related documents should be considered as part of the Counterclaim to support Count One. The Response fails to explain why Count Two does not plead damages, a necessary element. The Response attempts to add new allegations to the Counterclaim to buttress Count Three, which only shows

that Count Three as pled is insufficient. The Response finally identifies the cause of action being pled in Count Four as "misrepresentation," but now that Count Four has been identified, it is clear that not all necessary elements of misrepresentation were pled. The Response fails to even address the fact that Counts Two through Four are impermissible shotgun pleadings. As the Response highlights the Counterclaim's pleading deficiencies set forth in Tatonka's Motion to Dismiss, the Counterclaim should be dismissed.

## ARGUMENT

### A.  Counts Two through Four are Shotgun Pleadings

In its Motion to Dismiss, Tatonka cited Eleventh Circuit precedent condemning shotgun pleadings and requiring them to be re-pled with a more definite statement. *See, e.g.*, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.54 (11th Cir. 2008). In their Response, the Borrowers fail to address this argument. The fact that Counts Two through Four are shotgun pleadings, without more, is sufficient for this Court to grant the Motion to Dismiss. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

### B.  Count One Fails to State a Cause of Action

Count One fails to state a cause of action because it contains no factual allegations. (Motion to Dismiss, pp. 3-4). In their Response, the Borrowers argue that other parts of the Answer and Counterclaim, although not incorporated into

Count One, satisfy the federal pleading requirements. (Response, pp. 2-4). Specifically, the Borrowers concede that Count One includes no factual allegations, but argue that facts supporting Count One appear in the following places: "[t]he Answer and Counterclaims, in its entirety"; "Counterclaim Counts Two through Four"; "the Second Defense of the Answer and Counterclaims"; and "Paragraph 34 of the Answer and Counterclaims." (Response, pp. 2-3).

The Borrowers would thus ask the Court and Tatonka "to rummage through page after page of facts and conclusions to make independent determinations regarding what allegations, if any, fit with each claim, if any." *Carvel v. Godley*, 404 Fed. App'x 359, 361-62 (11th Cir. 2010). No reading of Rule 8 of the Federal Rules of Civil Procedure or the case law interpreting that Rule supports this position, and the Court should dismiss the Counterclaim.

### C. Count Two Fails to State a Cause of Action

Count Two suffers from four defects because it (1) fails to plead all the elements of its cause of action, including damages; (2) commingles different causes of action in a single count; (3) argues an issue that the Court has already ruled on; and (4) is not a ripe case or controversy. (Motion to Dismiss, pp. 5-8).

In their Response, the Borrowers argue they should not have to plead the amount of damages they have suffered. (Response, pp. 4-5). But the Uniform Commercial Code is clear that damages are an element of a cause of action for the

unreasonable disposition of collateral, and the Borrowers therefore fail to state a cause of action. *See* Colo. Rev. Stat. § 4-9-625(b).

The Borrowers' only request for relief in Count Two states that Tatonka "is not entitled to *any* recovery from" the Borrowers.  (Counterclaim ¶ 16; Emphasis added).  This requested relief is also why Count Two obviously commingles causes of action as the relief requested is a declaratory action, but the standard allegations of such an action have not been plead.  As such, it should be dismissed. *See Preyer v. McNesby*, 3:08CV247/MCR/MD, 2009 WL 1605537, at *10 (N.D. Fla. 2009).

Paragraph 16 of the Counterclaim also supports Tatonka's "law of the case" argument.  The Court, in its May 14, 2015 Order, already ruled that Tatonka is entitled to the proceeds of the sale of the Columbus, Ohio property. (Dkt. No. 179).  The Borrowers' request that Tatonka be prohibited from *any* recovery from the Borrowers directly contravenes the Court's May 14 Order.

In response to Tatonka's ripeness argument, the Borrowers argue that "[b]y the time the Court rules on [Tatonka's] Motion to Dismiss Counterclaims, Tatonka will have disposed of the collateral in question in a commercially unreasonable manner." (Response, pp. 6-7).  The Borrowers further argue that "[i]t would make no sense to dismiss Count Two for lack of ripeness only to require that [the Borrowers] re-file Count Two following consummation of [Tatonka's] actionable give away of the collateral."  (Response, p. 7).  The Borrowers' argument,

however, concedes that Count Two is not ripe.  As they state, "Defendants cannot calculate damages until Plaintiff disposes of the notes and accounts receivable." (Response, p. 5).  Whatever Tatonka might do later is a "contingent future event[] that may not occur as anticipated, or indeed may not occur at all." *See Williams v. Martin*, 283 F. Supp. 2d 1286, 1292 (N.D. Ga. 2003) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). This Court lacks jurisdiction to hear a claim that is not ripe and should therefore dismiss this claim.

### D. Count Three Fails to State a Cause of Action

In its Motion to Dismiss, Tatonka argued that Count Three failed to allege all the elements of a cause of action and failed even to allege facts that would provide notice as to which state's law governs.  (Motion to Dismiss, pp. 8-11).  In response, the Borrowers assert only that Tatonka "is fully aware" of the wrongful acts that Tatonka allegedly committed.  (Response, p. 8).

The core of Count Three seems to be an allegation that Tatonka made false statements.  In the context of defamation cases, federal courts in the Eleventh Circuit have held that a plaintiff must plead with specificity the contents of a defendant's allegedly false statements.  See, e.g., *Amadou v. Hawkins & Parnell, LLP*, 445 Fed. App'x 157, 158 (11th Cir. 2011) ("[The plaintiff] does not specify what statements [the defendant] made that he believed defamed him or how he believed that he was injured by the statements."); *Five for Entm't S.A. v. Rodriguez*,

877 F. Supp. 2d 1321, 1328, 2012 WL 2918574 (S.D. Fla. 2012) ("In a defamation case, a plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.") (internal quotations omitted). Although the Borrowers label Count Three as a claim for tortious interference, the allegations of Count Three are so sparse that they could just as easily support a claim for defamation as tortious interference. Count Three does not allege: (1) what statements Tatonka allegedly published or issued; (2) what parts of these alleged statements were false; or (3) to whom Tatonka made them. Regardless of the label that the Borrowers put on Count Three, the logic of the cases cited above is persuasive: by basing a claim on Tatonka's allegedly false statement, without divulging even the nature of the statement, the Borrowers fail to put Tatonka on notice of the grounds upon which the Borrowers' claims rest and therefore fail to state a cause of action. See *Five for Entm't S.A.*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (dismissing complaint where "Plaintiffs failed to allege when those statements were made and failed to include a sufficient description of the statements.").

U.S. Supreme Court precedent establishes that a party seeking relief satisfies Rule 8(a)'s pleading standard only when the party "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Simply stating, when challenged by a motion to dismiss, that Tatonka "is fully aware" of the facts underlying the Borrowers' claim does not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Borrowers cannot shift the burden of Rule 8's pleading requirements from themselves to Tatonka.

Additionally, "tortious interference with business relations is a distinct and separate tort from that of tortious interference with contractual relations . . . ." *Britt Paulk Ins. Agency, Inc. v. Vandroff Ins. Agency, Inc., Equip. Dealers Ins., Northbrook Prop. & Cas. Ins. Co.*, 952 F. Supp. 1575, 1583 (N.D. Ga. 1996).  A claim for interference with a contractual relationship requires pleading the existence of a contract with "definite, exacting identification." *Council for Educ. Travel, USA v. Czopek*, 1:11-CV-00672, 2011 WL 3882474, at *6 (M.D. Pa. 2011) (quoting *Square D Co. v. Scott Elec. Co.*, CIV.A. 06-00459, 2008 WL 2096890, at *4 (W.D. Pa. 2008)).  A claim for tortious interference with business relations requires pleading "a reasonable probability that a contract will arise from the parties' current dealings." *Alvord-Polk, Inc. v. F. Schumacher & Co.*, 37 F.3d 996, 1015 (3d Cir. 1994).  Count Three contains none of these allegations.  The Borrowers' failure to allege the nature of the relationships with which Tatonka allegedly interfered is grounds for dismissal. *Council for Educ. Travel, USA*, 2011

WL 3882474, at *6 (dismissing claim that alleged interference with only "clients and/or prospective clients" and failed to identify a single client or contract that was subject to alleged interference).

Count Three also fails to allege that Tatonka acted purposefully or that the Borrowers suffered some financial injury as a result of Tatonka's actions, both of which are necessary elements of a cause of action for tortious interference. *See Servicetrends, Inc. v. Siemens Med. Sys., Inc.*, 870 F. Supp. 1042, 1068 (N.D. Ga. 1994) (listing elements of tortious interference under Georgia law). Instead, Count Three provides merely "a formulaic recitation of the elements of a cause of action." *See F.D.I.C. v. Whitley*, 2:12-CV-00170-WCO, 2012 WL 9494093, at *1 (N.D. Ga. 2012) (quoting *Twombly*, 550 U.S. at 555). Therefore, Count Three fails to state a cause of action and should be dismissed.

### E.    Count Four Fails to State a Cause of Action

In its Motion to Dismiss, Tatonka argued that Count Four of the Counterclaim contained so many seemingly unrelated facts that it was not even clear what the cause of action is. (Motion to Dismiss, pp. 11-12). In their Response, the Borrowers attempt to clarify that Count Four is a claim for misrepresentation based on three separate sets of facts, but the Counterclaim fails to allege whether the alleged misrepresentations were fraudulent or merely negligent. (Counterclaim, pp. 8-9).

The Borrowers' clarification in the Response does not cure Count Four's pleading defects. Each count should contain only one cause of action. *See Anderson*, 77 F.3d at 366 ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.").

Additionally, Count Four fails to allege all the elements of a cause of action of negligent misrepresentation. Under Georgia law, the elements of a cause of action for negligent misrepresentation are: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." *Futch v. Lowndes Cnty.*, 676 S.E.2d 892, 896 (Ga. 2009) (quoting *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 479 S.E.2d 727, 729 (Ga. 1997)). For each of the three instances of misrepresentation that the Borrowers attempt to allege, the Borrowers fail to plead reasonable reliance. Instead, the Borrowers plead only that Tatonka made a representation or was aware of Borrowers' expectations. This alone is insufficient to state a cause of action for either negligent or fraudulent misrepresentation and therefore Count Four should be dismissed.

## CONCLUSION

Tatonka cannot conduct discovery or litigate this case without actually knowing what it is being accused of.  The Borrowers' Counterclaim should be dismissed, or the Borrowers should be required to provide a sufficiently definite statement of their claims so as to give Tatonka notice of the grounds upon which the Borrowers' claims rest.

**WHEREFORE**, Plaintiff, Tatonka Capital Corporation, respectfully requests that the Court grant the Motion to Dismiss and provide such other relief as is just and necessary.

Respectfully submitted, this 17th day of June, 2015.

s/Graham H. Stieglitz
Michael L. Hall (PHV)
Graham H. Stieglitz
Georgia Bar No. 682047

Attorneys for Plaintiff
TATONKA CAPITAL
CORPORATION

OF COUNSEL:

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000
Email:  gstiegli@burr.com
        mhall@burr.com

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing *Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Dismiss Defendants' Counterclaims or, in the Alternative, for More Definite Statement* has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in LR 5.1.

                                                                                                       s/Graham H. Stieglitz
                                                                                                       Michael L. Hall (PHV)
                                                                                                       Graham H. Stieglitz (Ga. Bar #682047)

                                                                                                       Attorneys for Plaintiff
                                                                                                       TATONKA CAPITAL CORPORATION

BURR & FORMAN LLP
171 17th Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on June 17, 2015:

| | |
|---|---|
| Mosaica Education, Inc.<br>3400 Peachtree Road<br>Suite 550<br>Atlanta, GA 30326 | Internal Revenue Service<br>401 W. Peachtree Street NW<br>Atlanta, GA  30308 |
| J. Robert Williamson, Esq.<br>J. Hayden Kepner, Esq.<br>Scroggins & Williamson, P.C.<br>1500 Candler Building<br>127 Peachtree Street, N.E.<br>Atlanta, GA 30303<br>rwilliamson@swlawfirm.com<br>hkepner@swlawfirm.com | Katie S. Goodman, Receiver<br>GGG Partners, LLC<br>5883 Glenridge Drive NE<br>Suite #160<br>Atlanta, GA  30328 |
| Ashley S. Thompson<br>Kevin A. Stine<br>Baker, Donelson, Bearman,<br>Caldwell & Berowitz, PC<br>Suite 1600, Monarch Plaza<br>3414 Peachtree Road, N.E.<br>Atlanta, GA  30326<br>kstine@bakerdonelson.com<br>athompson@bakerdonelson.com | James C. Cifelli<br>Managing Partner<br>Lamberth, Cifelli, Ellis & Nason,<br>P.A.<br>Atlanta Financial Center<br>3343 Peachtree Road NE<br>Suite 550<br>East Tower<br>Atlanta, Georgia 30326 |

| | |
|---|---|
| Ernest L. Greer<br>John D. Elrod<br>Greenberg Traurig<br>Terminus 200<br>3333 Piedmont Road, Suite 2500<br>Atlanta, GA  30305 | Internal Revenue Service Centralized Insolvency<br>P.O. Box 7346<br>Philadelphia, PA  19101-7317 |
| Michael H. Schroder<br>Swift Currie McGhee & Hiers<br>Suite 300<br>1355 Peachtree Street, NE<br>Atlanta, GA  30309<br>Mike.schroder@swiftcurrie.com | Ethan H. Cohen<br>Ballard Spahr LLP-Atl<br>Suite 1000<br>999 Peachtree Street<br>Atlanta, GA 30309<br>cohene@ballardspahr.com |
| Dana Brent Miles<br>Miles Hansford & Tallant, LLC<br>202 Tribble Gap Road<br>Suite 200<br>Cumming, GA 30040<br>dmiles@mhtlegal.com | Craig S. Ganz<br>Ballard Spahr LLP<br>1 East Washington Street<br>Phoenix, AZ 85004-2555 |
| Jonathan R. Secrest<br>Dickinson Wright, PLLC-OH<br>150 E. Gay Street<br>Columbus, OH 43215 | |

                                                 s/Graham H. Stieglitz
                                                 Michael L. Hall (PHV)
                                                 Graham H. Stieglitz (Ga. Bar #682047)
                                                 Michael L. Hall (PHV)

                                                 Attorneys for Plaintiff
                                                 TATONKA CAPITAL CORPORATION

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

24302520 v4