UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TATONKA CAPITAL CORPORATION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:14-cv-03017-TCB |
| MOSAICA EDUCATION, INC., MICHIGAN EDUCATIONAL FACILITIES, LLC, ASI TEXAS, LLC, EFA COMPANY, LLC, LORAIN-LEAVITT PROPERTIES, LLC, WARREN-ELM FACILITIES, LLC, and COLUMBUS MORSE PROPERTIES, LLC, | : : : : : : : : | |
| Defendants. | : : | |

## SHAREHOLDERS' MOTION TO ALTER OR AMEND JUDGMENT OR FOR RECONSIDERATION

COME NOW Gene Eidelman, and Michael Connelly (collectively, the "Shareholders"), parties-in-interest, and direct or indirect shareholders of Defendants, and, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.2.E, N.D. Ga, file their Motion to Alter or Amend Judgment or for Reconsideration as follows:

On June 11, 2015, the Court entered Findings of Fact and Conclusions of Law (the "Sale Order," Docket No. 199) along with a Final Judgment Approving Sale of Substantially All Receivership Assets to Tatonka (Docket No. 200). The

465651

Shareholders respectfully request that the Court reconsider and alter or amend certain Findings of Fact and Conclusions of Law that are erroneous or overbroad.

## ARGUMENT

### A. Reconsideration or Altering or Amending the Sale Order is Appropriate Under the Circumstances.

"Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination." *United States v. Halifax Hosp. Med. Ctr.*, 2013 U.S. Dist. LEXIS 170972, *3, 2013 WL 6284765 (M.D. Fla. Dec. 4, 2013) (citing *Anderson v. United Auto Workers*, 738 F.Supp.441, (D.Kan. 1990)). Motions for reconsideration under Rule 59(e) are appropriate where there is newly discovered evidence or a need to correct a manifest error of law or fact. *See Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citing *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)). Reconsideration is appropriate to "correct clear error or prevent manifest injustice." *Vidinliev v. Carey Int'l, Inc.*, 2008 WL 5459335, *1 (N.D.Ga. Dec. 15, 2008) (citations and internal quotation marks omitted). *See also Morton v. Astrue*, 2010 WL 2130613 at *2 (11th Cir. 2010). Federal Rule of Civil Procedure 59(e) gives the court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc., v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684

(M.D. Fla. 1996); *Sussman v. Salem*, 153 F.R.D. 689, 694 (M.D. Fla. 1995) (citing *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992)).

### B. The Sale Order Erroneously Grants Virtually Complete Immunity to the Receiver for Actions Already Taken and Yet to be Taken.

Paragraph 73 of the Sale Order provides: "Neither the Receiver nor any of its professionals have acted with gross negligence or bad faith in connection with the Authorized Sales or the administration of the receivership estate. Accordingly, the Receiver and each of its professionals are entitled to the liability protections provided in the Receivership Order and as otherwise may be ordered by this Court." This provision makes a finding that the Receiver and its professionals have not acted with gross negligence with the entire administration of the receivership estate. The issue of whether or not the Receiver and its professionals had or had not acted with gross negligence or bad faith was not before the Court in connection with the Sale Motion. Furthermore, the wording of this finding or conclusion would effectively grant the Receiver and its professionals immunity from suit even if they act with gross negligence in connection with future acts of closing and consummating the Authorized Sales. Such a result could not have been intended by the Court. The Shareholders respectfully request that Paragraph 73 of the Sale Order be amended to read: "As of the date of the Sale Hearing, neither the Receiver nor any of its professionals have acted with gross negligence or bad faith in connection with the Authorized Sales. Accordingly, the Receiver

and each of its professionals are entitled to the liability protections provided in the Receiver Order for actions taken in connection with the Authorized Sales through the date of the Sale Hearing and as otherwise may be ordered by this Court."

### C. The Sale Order Erroneously States the Face Value of Receivables Assigned by Mosaica to Tatonka.

Paragraph 38 of the Sale Order provides in part: "The receivables of CPA, CATA, CASSA, CHATA and STAR that were assigned by Mosaica to Tatonka in April 2014 had an aggregate face value of approximately $16.5 million (the '**Receivables**')." The only testimony before the Court regarding the value of the Assigned Receivables is that of Michael Connelly, who testified that the Assigned Receivables are fairly valued as carried on MEI's books, maintained in conjunction with its audited financial statements. That value exceeds $17,000,000.

### D. The Sale Order is Inconsistent with Regard to Protecting Defendants' Rights to Pursue Counterclaims Against Tatonka.

The Sale Order makes very specific findings with regard to the amounts owed to Tatonka. See Paragraph 36 of the Sale Order, which concludes: "The total amount due from Mosaica to Tatonka (exclusive of accruing charges after March 31, 2015) is $22,999,855.37, with charges (interest and legal expenses) continuing to accrue." While the Sale Order does state that the Court is not making any decision on the merits of the Defendants' Counterclaims (footnote 6), the finding of the amount due from Mosaica to Tatonka could be argued by Tatonka to have preclusive effect if the finding is not amended to read that it is made "for the

purpose of consideration of the Second Sale Motion only." The Shareholders respectfully request that the Sale Order be so amended or that another finding is added to the Sale Order to the effect that nothing contained in the Sale Order is intended to affect or prejudice the Court's consideration of Defendants' Counterclaims, including, without limitation, the claim that Tatonka has disposed of collateral in a commercially unreasonable manner, which could affect the amount ultimately owed to Tatonka.

### E. The Sale Order Erroneously Finds that Tatonka is Only Required to Credit the Indebtedness Due When Tatonka Receives Cash Payments on Receivables.

Paragraph 40 of the Sale Order provides, in part: "Tatonka must credit the indebtedness due only to the extent it receives cash payments made on these Receivables." This finding should be amended to state that Tatonka must also credit the indebtedness due to the extent it receives proceeds from the sale or disposition of the Receivables, and that nothing in the Assignment and Agreement documents discussed in Paragraph 39 of the Sale Order relieves Tatonka from its duty to dispose of collateral in a commercially reasonable manner.

For the foregoing reasons, the Shareholders request that the Court reconsider or alter or amend the Sale Order.

Respectfully submitted, this 29th day of June, 2015.

                LAMBERTH, CIFELLI, ELLIS
                 & NASON, P.A.

              By: */s/ James C. Cifelli*
                  James C. Cifelli
                  Georgia Bar No. 125750
                  William D. Matthews
                  Georgia Bar No. 470865

              ***Attorneys for Gene Eidelman and Michael Connelly***

                3343 Peachtree Road, NE
                Suite 550, East Tower
                Atlanta, Georgia  30326
                (404) 495-4495
                Fax:  (404) 262-9911

465651

## **CERTIFICATION OF COMPLIANCE WITH LR 5.1, ND GA.**

Counsel hereby certifies that, pursuant to LR 5.1(D), NDGa, this filing has been prepared in an approved font, namely Times Roman 14.  Counsel hereby certifies that the margins are in compliance with LR 5.1.

This 29th day of June, 2015.

                                      LAMBERTH, CIFELLI, ELLIS & NASON, P.A.

                                      By:  s/ William D. Matthews
                                           James C. Cifelli
                                           Georgia Bar No. 125750
                                           jcifelli@lcsenlaw.com
                                           William D. Matthews
                                           Georgia Bar No. 470865
                                           wdm@lcsenlaw.com

                                      ***Attorneys for Gene Eidelman and Michael Connelly***

                                      3343 Peachtree Road, NE, Suite 550
                                      Atlanta, GA  30326
                                      Telephone:  404.262-7373
                                      Facsimile:   404.262-9911

465651

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing Motion with the Clerk of the Court via the CM/ECF system, which will automatically send notification to the attorneys of record, which constitutes service on those attorneys pursuant to LR 5.1(A)(3), NDGa.

This 29th day of June, 2015

                                              */s/ William D. Matthews*
                                              William D. Matthews