IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TATONKA CAPITAL CORPORATION, a Colorado corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| MOSAICA EDUCATION, INC., a Delaware corporation; MICHIGAN EDUCATIONAL FACILITIES, LLC, a Delaware limited liability company; ASI TEXAS, LLC, a Delaware limited liability company; EFA COMPANY, LLC, a Michigan limited liability company; LORAIN-LEAVITT PROPERTIES, LLC, a Georgia limited liability company; WARREN-ELM FACILITIES, LLC, a Georgia limited liability company; and COLUMBUS-MORSE PROPERTIES, LLC, a Georgia limited liability company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:14-CV-03017-TCB |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO SHAREHOLDERS'
MOTION TO ALTER OR AMEND JUDGMENT OR FOR
RECONSIDERATION**

COMES NOW Plaintiff, Tatonka Capital Corporation, a Colorado corporation ("**Tatonka**"), by and through its undersigned counsel, and files this Response in Opposition to *Shareholders' Motion to Alter or Amend Judgment or for Reconsideration* (the "**Motion for Reconsideration**") (Dkt. No. 205) filed by

24543056 v3

Gene Eidelman and Michael Connelly, as shareholders of the Defendants (collectively, the "**Shareholders**"), and, in support, Tatonka states as follows[1]:

## PROCEDURAL BACKGROUND

This Court, after receiving and considering the suggested Findings and Sale Order (as defined herein) submitted by the Receiver and supported by Tatonka on June 3, 2015 and the suggested revisions thereto by Shareholders on June 5, 2015, issued, on June 11, 2015, its *Findings of Fact and Conclusions of Law* (the "**Findings**") (Dkt. No. 199) and its *Order and Final Judgment Approving Sale of Substantially All Receivership Assets to Tatonka* (the "**Sale Order**") (Dkt. No. 200). Thereafter, on June 29, 2015, the Shareholders filed their "Motion for Reconsideration".

## ARGUMENT

### A. Legal Standard for Motion for Reconsideration

A motion for reconsideration is an "extraordinary remedy." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993). Reconsideration is so extraordinary that Local Rule 7.2E of this Court expressly cautions that motions for reconsideration are not to be filed "as a matter of routine practice" and instead only when "absolutely necessary." *Vidinliev*

---

[1] Any capitalized but undefined terms used herein shall have the meaning ascribed to them in the Findings of Fact and Conclusions of Law entered by the Court on June 11, 2015 at Dkt. No. 199.

*v. Carey Int'l, Inc.*, CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. 2008) (*quoting* N.D. Ga. Local Rule 7.2E).

A motion for reconsideration cannot be used to "relitigate issues already decided" or to "raise arguments which were or could have been raised before judgment was issued." *Vidinliev*, 2008 WL 5459335, at *1 (*quoting In re Hollowell*, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999). Nor can it be used to instruct the court on how the court "could have done it better" the first time. *Hood v. Perdue*, 300 Fed. App'x 699, 700 (11th Cir. 2008) (*quoting Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

Instead, there are only four very specific bases upon which a Rule 59(e) motion may be brought:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*United States v. Halifax Hosp. Med. Ctr.*, 6:09-CV-1002-ORL-31, 2013 WL 6284765, at *1 (M.D. Fla. 2013) (*quoting* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure 2d* § 2810.1 (2007)).

Because the bases for bringing a motion for reconsideration are so limited, the movant must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996) (*quoting Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). In every case cited by the Shareholders in their Motion for Reconsideration, the appellate court affirmed the trial court's denial of the motion for reconsideration. Since none of the factors which justify a motion for reconsideration from *United States v. Halifax Hosp. Med. Ctr.* are present here, the Motion for Reconsideration should be denied.

### B. The Shareholders' Arguments

Simply, the Shareholders' Motion for Reconsideration is not supported by any of the four bases that would support reconsideration. The Shareholders do not argue that there is any newly discovered or previously unavailable evidence. *See Halifax Hosp. Med. Ctr.*, 2013 WL 6284765, at *1. Nor do they allege that there has been any change in the controlling law. *See id.* Although the Shareholders argue that reconsideration is necessary to prevent manifest injustice, they do not identify what injustice will result from the Findings as written. Similarly, although the Shareholders argue that the Findings is based upon manifest errors of law or fact, their argument is merely an attempt to relitigate issues that the Court has already considered and ruled upon. *See Vidinliev*, 2008 WL 5459335, at *1. This is

4

not a permissible basis for granting a motion for reconsideration. *See id.* Overall, the Shareholders have failed to present facts or law "of a strongly convincing nature to induce the court to reverse its prior decision." *See Wendy's Int'l, Inc.*, 169 F.R.D. at 684.

For example, the Shareholders argue that paragraph 73 of the Findings grants the Receiver and its professionals immunity for future acts. This argument attempts to create an issue where none exists. The Findings states " Neither the Receiver nor any of its professionals <u>have acted</u> with gross negligence or bad faith . . . ." (Findings ¶ 73) (emphasis added). The use of the past tense "have acted" clearly indicates that the Court made a finding as to past conduct. No reading of paragraph 73 supports the Shareholders' interpretation that the Findings grants immunity for future acts. The Shareholders have identified no manifest injustice or mistake in law or fact that requires re-litigating the language of paragraph 73. In the absence of one of the specific bases for granting a motion for reconsideration, the Court should not allow the Shareholders to relitigate an issue that the Court has already considered thoroughly and ruled upon.

The Shareholders also argue, incorrectly, that the only testimony before this Court regarding the value of the Receivables was given by Michael Connelly in the amount in excess of $17,000,000.  There was testimonial and documentary evidence before this Court as to the value of the Receivables. In fact, a substantial

5

amount of oral testimony was heard from the Receiver and Tatonka as to the true worth of these receivables. Mr. Connelly himself testified at the initial hearing in this case that the amount of the Receivables transferred to Tatonka in April 2014 was $15.2 million. In their June 5 communication to this Court, the Shareholders deleted any references to the Receivables in their suggested edits to the Findings. They sought to strike any reference thereof, not argue the amount. Now, after the Court did not incorporate their suggested deletion, the Shareholders again attempt to raise arguments to the "fair value" that should be attributed to these Receivables. As set forth in *Vindiliev*, this is improper. This Court considered and weighed the testimony of Mr. Connelly, who also testified at the initial hearing in this matter that the total book value of Mosaica (not counting the Receivables) was somewhere in the neighborhood of $100 million (attached hereto as Exhibit "A" is page 56 of the transcript from that October 17, 2014 hearing), as well as the evidence before the Court from the Receiver and Tatonka in issuing its Findings. As such, no reconsideration is warranted.

Next, the Shareholders seek to amend the language of paragraph 36 of the Findings. In fact, the Shareholders seek, again, the exact same language they suggested to the Court on June 5. The Court considered their language and opted not to use it. This Motion for Reconsideration is nothing more than an attempt to

raise arguments already raised and decided – exactly what a motion for reconsideration is not to be.

Similarly, the Shareholders argue that the Court should amend the language of paragraph 40 of the Findings, but they identify no manifest error of law that the Court committed in including paragraph 40 in the Findings or manifest injustice that will result from keeping paragraph 40, as currently drafted, in the Findings. *See Halifax Hosp. Med. Ctr.*, 2013 WL 6284765, at *1. Once again, in their June 5 communication with this Court, the Shareholders deleted any references to the Receivables or allocation of credit therefrom in their suggested edits to the Findings. They sought to strike all of the language in what would become paragraph 40 of the Findings. Moreover, the Shareholders fail to include the full text of paragraph 40 which clarifies that the Receivables were taken as additional collateral for, and not payment of, Mosaica's indebtedness to Tatonka. Now, after the Court did not incorporate their suggested deletion, the Shareholders again attempt to raise another argument "which were or could have been raised before judgment was issued." *Vidinliev*, 2008 WL 5459335, at *1 (*quoting In re Hollowell*, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999).

## CONCLUSION

What was said of the movants in *Vidinliev v. Carey International, Inc.* could be said with equal truth of the Shareholders in this case:

> In deciding that the Defendants were not entitled to summary judgment, each and every argument made by the Defendants was considered carefully. In the end, the Defendants' arguments were not persuasive and the reasons why were clearly and extensively stated in the order. It is not useful or necessary to restate those reasons here. The Defendants may not agree with those reasons, but that does not entitle them to summary judgment in their favor.

*Vidinliev*, 2008 WL 5459335, at *2. In sum, because the Shareholders have established none of the bases for granting a motion for reconsideration, this Court should deny the Shareholders' Motion for Reconsideration.

**WHEREFORE**, Plaintiff, Tatonka Capital Corporation, respectfully requests that the Court deny the Shareholders' Motion to Alter or Amend Judgment of for Reconsideration and provide such other relief as is just and necessary.

Respectfully submitted, this 8th day of July, 2015.

s/Graham H. Stieglitz
Michael L. Hall (PHV)
Graham H. Stieglitz
Georgia Bar No. 682047

Attorneys for Plaintiff
TATONKA CAPITAL
CORPORATION

**OF COUNSEL:**

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia 30363
(404) 815-3000
Email:  gstiegli@burr.com
         mhall@burr.com

Exhibit "A"

24543056 v3

Exhibit "A"

1  MONEY TO PAY OUT OF THE ACCOUNT, AND ON AUGUST 4TH, LATE IN
2  THE AFTERNOON, WE RECEIVED A LETTER -- I RECEIVED A LETTER
3  FROM TATONKA'S LAWYERS SAYING THAT TATONKA HAD CONFISCATED
4  THE MONEY.
5  Q. ONLY AFTER YOU INSTRUCTED TATONKA TO PAY TAXES WITH THAT
6  MONEY; IS THAT CORRECT?
7  A. HOURS AFTER WE TOLD TATONKA TO PAY THE TAXES.
8  Q. WHAT IS THE TOTAL BOOK VALUE OF MOSAICA'S ASSETS?
9  A. IF YOU DON'T COUNT THE -- IF YOU DON'T COUNT THE ASSETS
10 THAT WERE TRANSFERRED TO TATONKA IN APRIL, THE BOOK VALUE IS
11 SOMEWHERE IN THE NEIGHBORHOOD OF $100 MILLION.
12 Q. NOT INCLUDING THE $15.2 MILLION IN NOTES AND ACCOUNTS
13 RECEIVABLE TRANSFERRED IN APRIL.  THAT IS YOUR TESTIMONY?
14 A. CORRECT.
15           MR. ZACHMAN:  NO FURTHER QUESTIONS.
16                    RECROSS-EXAMINATION
17 BY MR. HALL:
18 Q. IN YOUR OPINION, DOES BOOK VALUE IN ANYTHING TO DO OR ANY
19 RELATIONSHIP TO THE FAIR MARKET VALUE OF THE ASSETS OF
20 TATONKA?
21 A. YES, IT IS NOT EQUIVALENT OF FAIR MARKET VALUE, BUT IT
22 HAS SOMETHING TO DO WITH FAIR MARKET VALUE.
23 Q. DO YOU THINK YOU COULD SELL MOSAICA TODAY FOR $100
24 MILLION?
25 A. SELL THE ASSETS OF MOSAICA WITHOUT LIABILITIES FOR $100

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing *Plaintiff's Response in Opposition to Shareholders' Motion to Alter or Amend Judgment or for Reconsideration* has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in LR 5.1.

s/Graham H. Stieglitz
Michael L. Hall (PHV)
Graham H. Stieglitz (Ga. Bar #682047)

Attorneys for Plaintiff
TATONKA CAPITAL
CORPORATION

BURR & FORMAN LLP
171 17th Street, NW, Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email, on July 8, 2015:

| | |
|---|---|
| Mosaica Education, Inc.<br>3400 Peachtree Road<br>Suite 550<br>Atlanta, GA 30326 | Internal Revenue Service<br>401 W. Peachtree Street NW<br>Atlanta, GA 30308 |
| J. Robert Williamson, Esq.<br>J. Hayden Kepner, Esq.<br>Scroggins & Williamson, P.C.<br>1500 Candler Building<br>127 Peachtree Street, N.E.<br>Atlanta, GA 30303<br>rwilliamson@swlawfirm.com<br>hkepner@swlawfirm.com | Katie S. Goodman, Receiver<br>GGG Partners, LLC<br>5883 Glenridge Drive NE<br>Suite #160<br>Atlanta, GA 30328 |
| Ashley S. Thompson<br>Kevin A. Stine<br>Baker, Donelson, Bearman,<br>Caldwell & Berowitz, PC<br>Suite 1600, Monarch Plaza<br>3414 Peachtree Road, N.E.<br>Atlanta, GA 30326<br>kstine@bakerdonelson.com<br>athompson@bakerdonelson.com | James C. Cifelli<br>Managing Partner<br>Lamberth, Cifelli, Ellis & Nason,<br>P.A.<br>Atlanta Financial Center<br>3343 Peachtree Road NE<br>Suite 550<br>East Tower<br>Atlanta, Georgia 30326 |

24543056 v3

| | |
|---|---|
| Ernest L. Greer<br>John D. Elrod<br>Greenberg Traurig<br>Terminus 200<br>3333 Piedmont Road, Suite 2500<br>Atlanta, GA  30305 | Internal Revenue Service Centralized Insolvency<br>P.O. Box 7346<br>Philadelphia, PA  19101-7317 |
| Michael H. Schroder<br>Swift Currie McGhee & Hiers<br>Suite 300<br>1355 Peachtree Street, NE<br>Atlanta, GA  30309<br>Mike.schroder@swiftcurrie.com | Ethan H. Cohen<br>Ballard Spahr LLP-Atl<br>Suite 1000<br>999 Peachtree Street<br>Atlanta, GA 30309<br>cohene@ballardspahr.com |
| Dana Brent Miles<br>Miles Hansford & Tallant, LLC<br>202 Tribble Gap Road<br>Suite 200<br>Cumming, GA 30040<br>dmiles@mhtlegal.com | Craig S. Ganz<br>Ballard Spahr LLP<br>1 East Washington Street<br>Phoenix, AZ 85004-2555 |
| Jonathan R. Secrest<br>Dickinson Wright, PLLC-OH<br>150 E. Gay Street<br>Columbus, OH 43215 | |

s/Graham H. Stieglitz
Michael L. Hall (PHV)
Graham H. Stieglitz (Ga. Bar #682047)
Michael L. Hall (PHV)

Attorneys for Plaintiff
TATONKA CAPITAL CORPORATION

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
(404) 815-3000

24543056 v3